LOGAN v. AUSTIN.

1. In an action of trespass for assault and battery, the defendant may prove in mitigation of damages, that the plaintiff consented to be whipped.

2. Though no imprisonment be laid in the declaration, the plaintiff may prove that he was pulled about by the defendant and held; it being a part of the same transaction and occurring at the same time.

3. A mere acknowledgement of satisfaction is not sufficient to sustain the plea of accord and satisfaction, something of value must be given.

4. A verbal release of damages is not sufficient to bar the action.

THIS was an action of trespass commenced by Austin in Perry Circuit Court for an assault and battery committed on him by Logan. Logan pleaded not guilty, justification, accord and satisfaction and a release, which pleas were taken in short. At the April term, 1827, there was a verdict and judgement for the plaintiff, damages $500.

It appears by a bill of exceptions taken on the trial that the defendant Logan offered to prove by the cross examination of a witness for the plaintiff, that Austin had consented, on condition that he Logan, would not prosecute him for malicious mischief, in tying a brush to the tail of a horse of one Payne, for whom Logan was overseer, that he should whip him, and that it was in pursuance of such consent that he had whipped him; which evidence the Court rejected. Also, that the plaintiff was permitted to prove that immediately after the defendant Logan had whipped Austin, that he caught him by the collar and pulled him about through the crowd, and thus detained him in custody. This evidence was objected to by the defendant on the ground that it formed a distinct cause of action, and was not embraced by the declaration; but it

was admitted by the Court on account of its occurrence being so immediate after the whipping, as being a part of the same transaction. The defendant Logan further offered to prove by the plaintiff's witnesses, that before the suit was brought, the plaintiff acknowledged having received satisfaction from the defendant for all the injury done him, and that he was satisfied. The Court ruled that if the satisfaction was money or other valuable thing, that the evidence would be proper, and that connected with an accord, it would be a good defence under the plea of accord and satisfaction; but it being admitted that there was no valuable satisfaction given, the evidence was rejected. The defendant also offered to prove a parol release of all damages sustained by reason of the trespass. But the Court determined the release must be in writing to be valid, and rejected the evidence. And further, the defendant offered to prove that after the trespass, the plaintiff said the whipping he had received had done him good, and that he was satisfied, and that he deserved it; all which the Court rejected.

Logan brought the case here for revision, and assigns the several matters determined by the Court as set forth in the bill of exceptions, as error.

H. G. PERRY, for the plaintiff in error, cited 1 Chitty's Pl. p. 386, (marginal.) 3 Starkie's Ev. 1227.

SULLIVAN, for the defendant.

## By JUDGE TAYLOR.

THIS Court is of opinion in relation to the exceptions taken, that the Circuit Court erred in excluding one part of the testimony which was offered, and that its decisions in every other instance were right. It appears that Logan the defendant below, offered to prove that the plaintiff agreed if the defendant would not prosecute him for malicious mischief for an act which he had done to the injury of the defendant's employer's property, that the defendant might inflict the punishment which the plaintiff received. This evidence was rejected by the Court. We believe that it should have been permitted to go to the jury in mitigation of damages. There is no analogy between this case and those in which sums of money are agreed to be paid to compound felonies or suppress prosecutions. In cases of that kind, persons for their private emolument may be

said to connive at the infraction of the law, and thus hold out the greatest inducements to the commission of crime. But even in those cases if the money be paid, it cannot be recovered back. The courts will not lend their aid to either party. But in this instance there is no attempt to secure private gain by giving impunity to a public crime. A party says he is injured and appeals to the law for redress. The simple question is, what injury has he sustained? Public policy will not authorize one man to beat another, although he consent to it, as it is against morality, and might lead to a violation of the public peace; the circumstance of consent therefore cannot amount to a justification. But a man who acknowledges that he has done a secret injury to another, and agrees that the damages may be taken out of his body instead of his purse, surely cannot be permitted to recover from the person who has acted upon that consent, as much as one who had made no such acknowledgement and agreement. Whether this evidence would be admitted in a State prosecution is more doubtful, but it is a suit to recover the damages incurred by the private injury. It is a kind of action in which wounded feelings and personal degradation, incurred by the mode of inflicting the punishment, are to be taken into consideration, and the jury have a great latitude in arriving at the amount of damages. Were one man without provocation violently to assail another, and beat him in the most ignominious manner, where is the person whose indignation would not be excited by the transaction, or the jury which would not be willing to compensate the wounded feelings of the injured individual with almost the entire fortune of the offender? If one charge another with having committed a secret injury upon him, who, while he denies the charge and demands a legal investigation, is violently assailed and beaten by him that made it, could any damages be too exhorbitant in an action for this injury. But if one man charges another with a public or private offence, and threatens him with a suit or prosecution, and the other admits the truth of the charge, admits he deserves punishment, and declares that he would prefer receiving it corporally at once, to being sued or prosecuted: While we cannot approve the acceptance of this offer of compromise, yet we certainly feel that the man who offers it has comparatively little cause of complaint. It is true, duress, threats, &c.

might extort such an agreement from weak or timid per-
sons; but this duress, &c. when proved to the jury, would
strip the case entirely of the effect of such consent, and
leave it as if none such had been given.

We are therefore of opinion, the defendant below
should have been permitted to prove in mitigation of
damages, that the plaintiff at the time he was whipped,
agreed that the defendant should whip him.

Reversed and remanded.

JUDGE WHITE not sitting.