May Term,
1838.

Fisher
v.
Bridges.

---

## Fisher *v.* Bridges.

If in trespass for an assault and battery, *son assault demesne* be pleaded, the plaintiff may, under the replication of *de injuria*, &c., prove that the defendant's battery was *excessive*.

The party against whom erroneous instructions to the jury are given, is entitled to a new trial without the payment of costs.

Friday,
June 1.

ERROR to the *Marion* Circuit Court.

Blackford, J.—The plaintiff in error brought an action of trespass for an assault and battery against the defendant in er-

ror. Plea, *son assault demesne.* Replication *de injuria,* &c. Verdict for the defendant. The plaintiff moved for a new trial, which the Court refused to grant, except upon the payment of costs. The plaintiff refused to accept the new trial on the terms proposed; and judgment was rendered against him on the verdict.

On the trial, the plaintiff asked the Court to instruct the jury, that if the assault and battery were *excessive* and outrageous, they must find for the plaintiff. This instruction the Court refused, on the ground that the *excess* should have been replied.

The question raised in this case is, whether, when an excessive battery is relied on in order to avoid the plea of *son assault demesne,* it is necessary to reply the excess?

There are several respectable authorities on both sides of this question, but we believe that the weight of the decided cases is in favour of admitting the excess to be proved without a special replication. In *Hannen* v. *Edes,* 15 Mass. 347, the subject is fully discussed, and the decision there is that the excess need not be replied. In the last edition of *Chitty's Pleading,* the following language is used: "If *son assault demesne* has been pleaded, and the evidence will establish that the defendant's battery of the plaintiff was *excessive,* and more than was necessary for self-defence, it seems that according to the latest decisions the plaintiff may, under *de injuria,* and without a special replication or new assignment, give in evidence the excess." 1 Chitt. Pl. 6 *Lond.* ed. 661 (1).

It is our opinion, that it was not essential to the plaintiff's recovery in this case, that the excessive battery which he relied on, should have been specially replied.

We consider that the refusal of the Court to give the instruction asked for by the plaintiff, rendered the proceedings erroneous, and that the plaintiff was, in consequence of that mistake of the Court, entitled to a new trial without the payment of costs.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*J. Morrison* and *W. Quarles,* for the plaintiff.
*C. Fletcher* and *O. Butler,* for the defendant.

(1) But in trespass *quare clausum fregit*, if the plea justify the gist of the action, and the plaintiff wish to prove that the defendant exceeded the right or authority alleged in his plea, the *excess* must be specially replied. *West et al.* v. *Blake*, ante, p. 234.