Dewey, J.
Comparet sued Hedges before a justice of the peace on a promissory note, by which the latter promised *447 to pay the former $28.62, “balance on first payment on lots in the town of Somerset;” date of the note, May the ,7th, 1836. The defendant filed no plea. The cause- was appealed to the Circuit Court. Verdict and judgment for the defendant.
On the trial, after the plaintiff had given the note in evidence, the defendant proved that the plaintiff, together with one Platter and one Burns, had executed to him several bonds of the same date as -the note, each conditioned for the conveyance to the defendant by the obligees of a certain lot in Somerset, upon the payment of three promissory notes executed by the defendant, of even date with the bond, each for the sum of $60.62i-—-the first payable in six, the second in twelve, and the tjiird in eighteen months from date. Each bond was for the conveyance of a different lot, but referred to the same notes. He also proved that the obligees had recovered a judgment against him on these notes, and that previously to the rendition of the judgment, and several months after the last note became due, he had received from them a deed of conveyance of all the lots, which deed he read to the jury. The Court instructed the jury that if they found from the evidence the note sued on in this cause was given for a part of the price of the lots named in the title bonds, and that the plaintiff was not ready to make the defendant a deed for the lots at the time the last note named in the bonds became due, the defendant had a right to consider the contract as abandoned, and they might find a verdict for him.
This instruction was clearly wrong. The defendant, by accepting the deed, had waived his right to rescind the contract in consequence of the unreadiness of the plaintiff or of the other obligees, to make him a conveyance of the lots upon the payment of the purchase money at the time the last note became due. But as no objection was made to the charge when it was given, it is too late to take exceptions to it now.
The judgment must, however, be reversed. There was a *motion for a new trial which was overruled. The testimony is spread upon the record; and if there is any evidence at all that the note, which is the foundation of *448 the action, had any connection -with the title bonds, or the lots named in- them, it is extremely slight, and not sufficient to justify the verdict.
T. Johnson, for the plaintiff.
II. Cooper, for the defendant.-
Per Curiam.—The judgment is reversed with costs. Causo - remanded, &c.