PHILBRICK *v.* FOSTER and Wife.

Action by husband and wife for an assault and battery upon the wife. Pleas—1. Not guilty; 2. *Son assault demesne.* Replication, *de injuria.* After the plaintiffs had given evidence tending to prove that the defendant had seized the wife and thrown her down while she was attempting to prevent him from beating her husband, they asked the witness whether the husband was a weak man and afflicted with disease. *Held*, that the evidence was admissible to show the manner and circumstances of the assault. *Held*, also, that an excess of force might be shown under the replication.

*Friday,*
*December 2.*

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J.—Trespass by *Foster* and wife against the appellant for an assault and battery on the wife. Pleas, 1. Not guilty. 2. *Son assault demesne.* Replication to the

second plea, *de injuria.* Verdict and judgment for the plaintiffs below.

The record shows that the appellees, after they had given evidence, on the trial, tending to prove that the appellant had seized *Foster's* wife, and threw her down, whilst she was attempting to prevent him from beating her husband, asked the witness, whether *Foster* was a weak man and afflicted with disease. The appellant objected to this question, on the score of irrelevancy. The objection was overruled, on the ground that the evidence was admissible in aggravation of damages. The witness then testified that *Foster* was a weak man, and, just before the transaction complained of, had been sick.

It is insisted, that, under the issues in the cause, it was not competent to show that the wife committed the assault charged in the second plea in defence of her husband. In the abstract, that position is correct. But it does not apply to the case before us. The evidence objected to did not set up a justification of the assault set forth in the plea, nor was it so intended. Its tendency was to illustrate the character of the transaction—to show the circumstances of the outrage, and the insulting conduct of the appellant. All this may be shown, to increase the damages. Mr. *Greenleaf* says, "The manner, motives and circumstances of the assault may be given in evidence." Thus, where the battery was committed in the house of the plaintiff, which the defendant rudely entered, knowing that the plaintiff's daughter-in-law was there sick, evidence of the fact was held admissible, without a particular averment. 2 Greenl. Ev. s. 89.—*Sampson* v. *Henry*, 11 Pick. 379. It appears to us that the evidence introduced by the appellees is within the rule just stated, and was, therefore, properly admitted.

At the instance of the appellees, the Court charged the jury—

1. If the defendant was in the act of committing a battery upon the husband, and the wife interfered in his defence, when the defendant turned upon her, took hold of her, threw her down and broke her arm, and he might

have protected himself from both *Foster* and wife without such act, the jury must find for the plaintiffs, on the ground that the defendant's battery was excessive.

2. If the force used in self-defence greatly exceed what is necessary for that purpose, the excess may be given in evidence under the common replication.

The appellant contends that these instructions are erroneous. We think differently. They admit that the wife was guilty of what, in point of law, amounted to the first assault; but, in effect, allege that the second plea, although technically true, was no justification for an excessive beating. The principle stated by the Court is unobjectionable. The force used must not exceed the necessity of the case. And the rule is well settled, that such excess may be shown under the replication *de injuria.* 2 Greenl. Ev. s. 95.—4 Blackf. 518.—6 *id.* 185.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. Ryman,* for the appellant.