Nov. Term,
1857.

THE SAME CASE.

JOLLY
v.
The authorities on the points of practice stated in the above opinion reviewed.    THE TERRE
Zehnor v. Beard, 8 Ind. R. 96, affirmed.    .    HAUTE
DRAWBRIDGE
COMPANY.

ON petition for a rehearing.    *Tuesday,*
STUART, J.—This cause, when first considered, was held    *November* 24.
under advisement for some time, partly to see if the "merits,"
as they are called, could not be reached amid the prelimi-
nary questions of practice raised by opposing counsel.
The opinion was finally filed in the clerk's office, after the
adjournment to chambers, and after all the questions of
practice embraced in it had been repeatedly settled in other
cases.

In that opinion, the several errors assigned are examined
in their order, and the result is the following propositions:

1. The general assignment of errors is not sufficient—
under the new practice it must be specific.

2. The suppression of the appellants' depositions was
not available on error, because the appellants did not, at
the time, except to the opinion of the Court in that behalf.

3 and 4.    That to assign for error the giving of one set
of instructions, consisting of eleven distinct propositions,
and the refusal to give a like number asked by the appel-
lants, without pointing out any particular objection to any
one of the instructions given, and when they were not all
clearly erroneous, and without the evidence in the record to
enable us to judge of the pertinency of those refused,—
was, under the code, too general, and raised no question in
this Court.

5. That as the evidence was not in the record, we must
presume the motion for a new trial was correctly over-
ruled.

6. It was further suggested that, if it did not appear
that the special instructions were asked at the proper time,
we would presume that they were refused for that reason.

These points of practice were so plain, and had been so
often determined in other cases, and withal, were so co-

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

gently urged by counsel for the drawbridge company, that we had no option but to meet them, and declare the practice as the statute had expressly provided.

For obvious reasons, we overlook the tone of the petition for a rehearing. Though it has not been usual to encourage further argument in such applications, counsel for the drawbridge company was permitted to file a reply, which is distinguished, as papers in this Court should be, for its good taste, and conclusive legal reasoning.

In that reply, counsel for the bridge company puts the question to rest thus: " The objections to the bill of exceptions were taken by the appellees, and this Court could not avoid, if it would, passing upon them."

In considering the petition for a rehearing, we will examine briefly—

1. The authorities cited in the petition itself (1).

2. The authorities in other states having the same or similar codes of practice.

3. Our own decisions upon the points of practice involved.

This will lead us to review the doctrine in the case of *Zehnor* v. *Beard*, about which some doubt has been expressed.

1. Many of the cases cited in the petition for a rehearing are wholly inapplicable to the case at bar. So far as they may seem to have any relevancy, it is sufficient to say that they were decisions under the old system. And even the practice which these cases seemed to sanction, was far from satisfactory to the profession. Thus, when it was suggested in the record that the instructions were relevant, the Court, in some cases, proceeded to determine their correctness as abstract law. In this manner many cases elaborately tried, and the merits correctly decided by a jury, were reversed upon an abstraction.

The plain and just presumption upon which the code proceeds, and which should always have been the law, is, that the party who brings a case to this Court on an abstract proposition of law, without the evidence, does so to evade the merits, and because he fears the facts; unless,

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

indeed, the legal proposition of which he complains is palpably erroneous, upon any hypothesis or presumed state of the evidence.

The new practice has thus properly remedied the evil of dealing with instructions alone, apart from the evidence, or on a bare suggestion that they were pertinent to the issue. It has done away with abstractions. The party who brings a case here now, must present the whole case, or so. much of it as is essential to put this Court in possession of *the* question, the *real* question determined below, and sought to be reviewed here. And this must be done by making up the record under the supervision and sanction of the lower Court. 2 R. S. pp. 115, 116. In further remedy of the evil alluded to, it is enacted that no judgment shall be reversed, in whole or in part, when it appears that the merits have been correctly determined. 2 R. S. p. 163.

Now, without the facts, as well as the law ruled in the Court below, how can this Court presume to say that the merits were *not* correctly determined? Take the case at bar. In the very nature of things, it involved a long and complicated state of facts; perhaps conflicting evidence. The jury have arrived at a conclusion satisfactory to themselves, and to the Court who overruled the motion for a new trial. Shall we now, without the evidence before us, sift the series of eleven instructions given, and the like number refused, and finding something that, upon one hypothesis or another, might be erroneous, for that reason reverse such a judgment? This would be trifling with the rights of parties, and with adjudications of the lower Courts. Perhaps, if we had the evidence before us, we might presume the instructions erroneous, and yet uphold the verdict as a correct determination of the merits. *Roberts* v. *Nodwift*, 8 Ind. R. 339.—*Harris* v. *Doe.* 4 Blackf. 369.—*Andre* v. *Johnson*, 6 *id.* 375.

The almost invariable rule in this Court, even under the old practice, and now made more stable by statute, is that, in the absence of the evidence, we must presume the lower Court ruled correctly. If the party would overcome this

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

presumption, he must present his record in the form pre-scribed by statute—furnishing this Court with the same materials to form our judgment, as those on which the lower Court acted.

The idea that the new practice and the old may both co-exist, where the new has made elaborate provision, and in detail, which is wholly inconsistent with the old, is too plain to be discussed. The forms of pleading heretofore existing are abolished; and after the code took effect, the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are molded as provided by the practice act. 2 R. S. p. 37. Only so much of the laws and usages of the state relative to pleadings and prac-tice in civil proceedings, not inconsistent with the code, and to supply omitted cases, are continued in force: all the rest are expressly repealed. 2 R. S. p. 224.

Nor, on closer scrutiny, will it appear that even the old practice was by any means uniform in the mode of pre-senting questions for examination in this Court. 8 Blackf. 240.—*Id.* 292.—*Id.* 333.—*Id.* 571.—7 *id.* 290.—6 *id.* 258.—*Id.* 416.—1 *id.* 384.

The original opinion in this case was given in affirmance of the judgment below. If in the decision under consid-eration we erred at all, it was a proneness to error which has very generally distinguished this Court ever since its organization, viz., not to overthrow, but to support, by all reasonable presumption, the adjudications of the lower Courts.

2. We come, then, in the second place, to consider the decisions of other states, under a similar code.

The practice under the *New York* code, from which, chiefly, our own is derived, is well settled. If, with their code, we also adopted their construction of it, then the chief point made in the petition is no longer an open ques-tion.

Thus, a general exception to a charge of the Court is unavailing, unless the whole charge is clearly erroneous. *Haggart* v. *Morgan,* 1 Seld. 422.

Where an exception is taken to a charge generally, if it

be erroneous in one of several particulars to which attention is not specially directed, the error will be disregarded. *Hunt* v. *Maybee*, 3 Seld. 266. To the same effect is *Zabriskie* v. *Smith*, 1 Kernan, 480.

In the supplement to *Voorhies's* annotated code, p. 19, several decisions of the Court of Appeals, which do not seem to be published in the regular reports, are collected. We append a few of them.

Thus, where no exceptions were taken on the trial below, there is no question of law to be considered in the Court of Appeals. Where the exception is to the whole of the judge's charge, some parts of which are correct, the exception cannot prevail. So, too, as to the refusal to charge. If the exception be to the whole refusal, some parts of which are rightly refused, the exception must fail. This rule, says the Court, must be adhered to; because under the code nothing but an actual determination in the Court below can be reviewed on appeal. For, unless the attention of the Court below be called at the time to the point ruled, the cause may be disposed of on appeal upon grounds which the Court below did not determine.

These, and several other decisions to the same effect, were made in the Court of Appeals as early as *October*, 1852.

The case of *Jones* v. *Osgood*, 2 Seld. 233, decided the same year, is the unanimous opinion of the Court of Appeals on this very point of practice. It is there held that a general exception to the charge of the Court, and to each part of it, when the charge involves more than a single proposition of law, and is not in all respects erroneous, presents no question for review upon appeal. In support of this position, counsel (Ex-Judge BEARDSLY) cites numerous *New York* authorities. To the same effect is *Sands* v. *Church*, 2 Seld. 347.

In *Stephens* v. *Reynolds*, 2 Seld. 454, there was a stipulation to the effect that the finding and judgment of the Court should be considered as having been duly excepted to. It was held that this could not be regarded as equivalent to an exception. It is further to be remarked, that

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

this point of practice was not made by counsel, but was noticed by the Court, of its own motion. See, also, *Hart* v. *Rens. and Sar. Railroad Co.*, 4 Seld. 37; *The People* v. *Cook*, *id.* 67; *McCrackan* v. *Cholwell*, *id.* 133; *Id.* 175; *Id.* 204.

So in *Howland* v. *Willett*, 5 Seld. 170, it was held that a general exception to the charge to a jury, is not available, if any part of the charge is correct. In *Decker* v. *Matthews*, 2 Kernan, 313, it was held that a general exception to the charge of the Court, when any independent portion of it was correct, presented no question for review upon appeal.

Again, it is held in *New York* that, under the code, the questions, whether of fact or of law, can be reviewed only in the manner prescribed by the code. Thus, decisions made by the judge during the trial, and which are deemed erroneous, should be excepted to at the trial, and cannot be excepted after judgment. When the record does not contain exceptions taken during the trial, or at the proper time, the case cannot be reviewed in the Court of Appeals, and the appeal will be dismissed. The code does not authorize exceptions to be taken after judgment, to matters arising during the trial. Where a party can except to a point ruled against him as the trial is progressing, but omits to do so, and acquiesces in the decision, it might lead to great injustice to give him the benefit of an exception after judgment. This was not the intention of the code. There is no right to review a question of law on any other terms than a statement of the facts and of the law applied thereto.

The above is the opinion, in a condensed form, of the Court of Appeals, delivered in *Hunt* v. *Bloomer*, 3 Kernan, 341.

These authorities fully sustain the original opinion in the case at bar; and leave not a shadow of the positions assumed in the petition for a rehearing.

It is true, the details of the *New York* code are, in many particulars, different from our own. But the same principle governs both. Their construction of the provisions we

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

have borrowed from them, is good authority in our Courts. Thus, the substance of the doctrine held in their highest Court is, that whatever the code requires in that behalf, must be pursued in the Courts of that state. There is no intermingling of a former practice, where the provisions of the code are specific. The whole plan of prosecuting appeals, and reserving questions, is contained in their code, and there only. All the former machinery, cumbrous and elaborate as it was, far more so than our own, is entirely superseded by the code. Any legal gentleman in that state, who should adhere to the old practice, setting it up against the new, would only make himself ridiculous.

So in this state. Wherever the code has made affirmative provisions, the former practice is obsolete. The only thing which looks to keeping alive the old practice, is that one provision already alluded to, of very doubtful constitutional validity, which provides for supplying omitted cases. Everything else has fallen before the express and detailed provisions of the code. That is the last expressed will of the legislature, and on the plainest principles of statutory construction, as well as in express terms, it abrogates everything in the former practice, and all enactments inconsistent with it.

Had counsel paused a moment over principles so elementary and obvious, even aside from the authority of decided cases, it would have saved the petition for a rehearing in a case so clearly the law.

3. We will briefly glance at the decisions of our own Court on these points of practice.

Long before the case now under review had been decided, every point complained of in the petition, had been repeatedly determined, and the practice in that behalf well settled in this Court.

Thus, on the question of exceptions, even in criminal cases, it was held, at the *November* term, 1854, that the only errors which could be reviewed here, were those to which the party aggrieved excepted at the time, in the manner pointed out by the statute. *Hornberger* v. *The State*, 5 Ind. R. 300. In that case the Court uses the fol-

Nov. Term,
1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

lowing language : " The whole spirit of the new code is to hold every failure to assert a legal right at the proper time, to be a waiver of that right.  *  *  *  The object seems to have been that causes should not be reversed in this Court on questions never raised or agitated in the Court below."

This was in a criminal case ; and it has been adhered to ever since. · *Dougherty* v. *The State*, 5 Ind. R. 453.

From this it could readily be inferred what the ruling of the Court in civil cases, involving like questions of practice, would be; for the code is as specific on these points in the civil, as in the criminal practice.

In *McKinney* v. *Springer*, 6 Ind. R. 453, and under the new code, it was held, that every ruling of the Court which the party claims to have reviewed here, must be excepted to at the time the ruling is made.   And reference is distinctly made to 2 R. S. p. 112, s. 325.   Judge PERKINS fortifies this position by reference to our own former practice, and to the decisions of Courts in which the common-law practice prevails.   Thus, in 6 Blackf. 416, it was held that though the instructions were clearly wrong, yet as no objection was made to the charge when given, it was too late to object afterwards.   See, also, *Corey* v. *Rhineheart*, 7 Ind. R. 290, under the old practice.

In *Bowen* v. *McDougle*, 7 Ind. R. 414, it was held that the statute authorizing questions of law to be reserved and brought to the Supreme Court on a part of the record only, requires that the bill of exceptions, or some part of the record, shall show that the party notified the Court below of his intention to bring up the case upon the question reserved, giving that Court an opportunity to determine what part of the record would present the question truly.

In this case, the new practice was recognized and applied.   The effect given to it was the only one that could be given, viz., to abrogate everything in the former practice and decisions of this Court inconsistent with the new practice.

So in *Gimbel* v. *Smidth*, 7 Ind. R. 627, the bill of excep-

tions contained the evidence and the instructions given; but it did not appear that any motion for a new trial had been made, nor was the record made up under section 347, 2 R. S. p. 116.   It was held that the bill of exceptions presented no question for the consideration of the Supreme Court.

Nov. Term, 1857.

JOLLY
v.
THE TERRE
HAUTE
DRAWBRIDGE
COMPANY.

So in *Stump* v. *Fraley*, 7 Ind. R. 679, it is held that exceptions must be specific and not general, and that they must be taken at the time the ruling of the Court is made.

In *Zehnor* v. *Beard*, 8 Ind. R. 96, the same principle running through all these cases was more distinctly announced, and applied generally to all decisions of the Court below, whether upon demurrer or otherwise.   Both upon principle, and as an exposition of what the code expressed and intended, the practice in that case is correctly ruled.   It is there held that unless exception be taken in the manner prescribed by the statute, and at the time the decision is made, it is waived, and the record presents nothing to be determined in the Supreme Court.   The doctrine here broadly announced has been repeatedly followed and sanctioned since.   *Irwin* v. *Anthony*, 8 Ind. R. 470.—*New Albany, &c., Railroad Company* v. *Callow*, id. 471—*Minor* v. *The State*, id. 424.—*Ricketts* v. *The Board, &c.*, id. 452.— *Plummer* v. *McLean*, id. 457.—*Marvin* v. *Carter*, id. 462.— *Wheeler* v. *The State*, id. 113.—*Young* v. *McLane*, id. 357. — *Wilson* v. *Wolfer*, id. 398.—*Leyner* v. *The State*, id. 490. To the rule of practice as thus held, and settled both on principle and authority, the Court must adhere, until the legislature thinks proper to prescribe differently.

*Per Curiam.*—The petition for a rehearing is overruled.

O. H. *Smith*, for the appellants.

J. P. *Usher* and D. *M'Donald*, for the appellees.

(1)  *The State* v. *Beackmo*, 8 Blackf. 248.—*Conklin* v. *The Whitewater, &c., Canal Company*, 3 Ind. R. 506.—*Fisher* v. *Bridges*, 4 Blackf. 518.—*Marquis* v. *Rogers*, 8 id. 118.