*L. M. Ninde*, for appellant.

---

## ADAMS *v.* WAGGONER.

A'ssault and Battery.—*Damages.—Agreement to Fight.*—It is not a bar to an action for damages for an assault and battery, that the plaintiff and defendant fought with each other by agreement or mutual consent, and the injury complained of was inflicted in sudden heat arising in such fight without previous malice; but such agreement or consent may be shown in mitigation of damages.

APPEAL from the Johnson Common Pleas.

PETTIT, C. J.—The appellee sued the appellant for an assault and battery. The evidence shows that the battery was very severe—three wounds being inflicted by a knife.

The third paragraph of the answer was, that the injury happened in a fight by mutual agreement of the parties.

The fourth paragraph was the same in substance as the third, only changing the word "agreement" to "consent," and that the injury was the result of sudden heat, which arose during such fighting, and not from previous malice.

A separate demurrer was filed to each of these answers. The demurrers were sustained, and the appellant excepted. These rulings are assigned for error, but we need not notice them, as their consideration is waived in the appellant's brief. There was a trial had; verdict and judgment for the appellee; motion for a new trial overruled, and exceptions. The real question involved and presented for our consideration is raised by the giving of the third instruction asked by the appellee, and the refusal to give the first instruction asked by the appellant. The third instruction asked by the appellee, and given by the court, and excepted to by appellant, was this: "If you find, from the evidence, that plaintiff and defendant fought by agreement or by mutual consent, such agreement is no bar to the plaintiff's recovery of damages, but may be considered in mitigation of damages; but notwithstanding such agreement or consent, you should allow the plaintiff such damages as, under the circumstances, you may find he has sustained by the act of the defendant."

The first instruction asked by the appellant, refused by the court, and excepted to by appellant, was this: "If you find that the plaintiff and defendant fought with each other by mutual agreement, and that while so fighting, the defendant, in the heat of the conflict and without any wilful or premeditated malice, inflicted upon the plaintiff the injuries of which he complains, then you should find for the defendant."

Is an agreement to fight and the fact that the injury com-

plained of was inflicted in the heat of passion during such fight, without previous malice, a good defense to an action for an assault and battery? There certainly is no agreement proved by the evidence in this case, all of which is in the record, that one was to fight with, and the other without, a knife; but we do not find it necessary to examine the evidence further than to see and say that it was sufficient to base such instructions on.

It is a settled doctrine of the law, that if one be attacked he may defend himself, using no more force than may be necessary to repel the attack; but should he go beyond this, and use more force than necessary, he becomes a trespasser himself, and his assailant, though first in the wrong, may maintain against him an action for damages. *Fisher* v. *Bridges*, 4 Blackf. 518; *Philbrick* v. *Foster*, 4 Ind. 442; *Dole* v. *Erskine*, 35 N. H. 503. In the last case cited, which was an action to recover damages for an injury done in an affray, the court say, "A recovery may be had in cross actions for the same affray, by the party assailed for the assault and battery first committed on him, and by the assailant for the excess of force beyond what was necessary."

If the appellant had been entirely without fault when the appellee attacked him, but in defending himself had used an excess of force, a suit for damages could have been maintained by the appellee for the excess, although he was the first in the wrong; and can it be said or held that, as to his right to recover damages for the cutting he received, he is placed in a worse situation by an agreement to fight than he would have been upon an unprovoked assault upon an innocent man? In 2 Greenl. on Ev., § 85, it is said, "that if the injury was done in a fight, though by consent, it is an unjustifiable battery; the proof of consent being admissible only in mitigation of damages." In *Boulter* and *Clark*, cited in Buller's Nisi Prius, p. 16, PARKER, C. B., said, "the fighting being unlawful, the consent of the plaintiff to fight, if proved, would be no bar to his action; and that he was entitled to a verdict for the injury done him." In

*Mathew* v. *Ollerton,* Comb. 218, it is held, "that if a man license another to beat him, such license is void, because it is against the peace." In *Stout* v. *Wren,* 1 Hawks, 420, it was held, "that a man shall not recover recompense for an injury received by his own consent, provided the act from which the injury be received be lawful; but when two fight by consent, and one is beaten, he may recover damages for the injury, because the fighting is illegal." In the case of *Bell* v. *Hansley,* 3 Jones N. C. 131, the court held, "that one may recover in an action for an assault and battery, although he agreed to fight, for such agreement to break the peace is void." The same doctrine is held in *Logan* v. *Austin,* 1 Stew. 476, and in *Dole* v. *Erskine,* 35 N. H. 503.

We have cited enough from secular, or human laws to settle this question; but we will add one more authority, to show that this doctrine is not modern and secular, or human only, but that it is ancient and divine. In Exodus, xxi., 18, 19, it is written: "And if men strive together, and one smite another with a stone, or with his fist" (we insert, or cut him with a knife), "and he die not, but keepeth his bed; if he rise again, and walk about upon his staff, then shall he that smote him be quit: only he shall pay for the loss of his time, and shall cause him to be thoroughly healed."

We have bestowed no limited amount of consideration on the question presented, and we think the deduction and conclusion to which we have come, are fully warranted by the law and the reason thereof; which is, that an agreement, leave, or license, to do an act which in itself is unlawful, forbidden by positive law, and for the doing of which a penalty is attached and denounced, whether a felony or a misdemeanor, is no defense to an action for damages by a party who has been injured by the doing of such act, though he made the agreement, gave the license, leave, and consent; but when the wrong complained of is not forbidden by law, though it may be by morals, such as the seduction or debauching of a man's wife or daughter, slander, libel, or trespass on his real estate or to his personal

property, agreement, consent, or license, is a good defense.

The judgment is affirmed, with ten per cent. damages and costs.

*S. P. Oyler* and *D. W. Howe,* for appellant.

*G. M. Overstreet* and *A. B. Hunter,* for appellee.