No. 9363.

## Simmon et ux. *v.* Larkin.

Supreme Court.—*Instructions.— Verdict.—Evidence.*—When the record affirmatively shows that the verdict was right upon the evidence, the judgment will not be reversed for error in instructions.

From the Tippecanoe Circuit Court.

*C. E. Lake, J. S. McMillin* and *G. W. King,* for appellants.
*W. D. Wallace* and *J. D. Gougar,* for appellee.

Bicknell, C. C.—This was a suit by the appellants to rescind a contract because of fraud. The appellants were more than eighty years old; they were living on about forty acres of land owned by them; $100 were due thereon for delinquent taxes; the improvements on the land were scanty and out of repair, and the appellants were too poor to make repairs. They exchanged their land with the appellee, reserving a life-estate in two acres, embracing dwelling-house, stable, garden,

etc., for a house and lot in Lafayette, which rented for $8 a month, and there was evidence tending to show that the house and lot were worth as much as the farm. The result of the exchange was that the appellants retained their messuage for life, had their delinquent taxes paid and secured an income.

The complaint averred that the appellants, by reason of old age and feebleness, were incompetent to transact business; that they were confiding in their natures, but the appellee had keen business tact and ability; that the farm was worth $2,000, and its rental value $200 a year; that the house and lot were worth only $300; that the parties were neighbors and on terms of close intimacy and confidence; that the appellee, knowing that appellants were ignorant of the value of lots in Lafayette, and taking advantage of appellants' confidence in her, falsely and fraudulently represented to them that said house and lot in Lafayette were worth as much or more than said farm, and that they would do well to make said exchange; that the appellee also caused her brother-in-law to make like representations, all of which were false, but appellants relied on them and were thereby induced to make said exchange, which they would not have made had they not been ignorant of the value of real estate, and unduly influenced as aforesaid; that appellee took an advantage in said exchange, by reason of the "weakmindedness" of the appellants, and the trust and confidence reposed in her by them; that, since said exchange, the appellee has paid said $100, due for delinquent taxes, and that before suit brought, the appellants tendered to her $100 and a deed of reconveyance of said house and lot and demanded a reconveyance of the farm.

The complaint prayed that the appellants' deed be cancelled and that the appellee be ordered to reconvey the farm to the appellants, and demanded other proper relief.

The only false representations charged in the complaint are that the house and lot were worth as much as the farm, and that the exchange would be profitable for the appellants. These

were not representations of any facts; they were merely statements of opinions.

A demurrer to the complaint for insufficiency was overruled, but the appellee has not assigned any cross errors. The appellee's answer was a general denial. The issue was tried by a jury, who found for the appellee.

A motion by the appellants for a new trial was overruled, judgment was rendered upon the verdict, and this appeal was taken. The only error assigned is, overruling the motion for a new trial.

Three reasons were alleged for a new trial, viz.:

" 1. That the verdict is not sustained by sufficient evidence.

" 2. That the verdict is contrary to law.

" 3. Error of law occurring at the trial."

Upon the first two of these reasons, the appellants, in their brief, say: " As there was abundant evidence from which the jury might have found either way, we will not trouble the court to pass upon them."

Under the third reason, there are several specifications, all of them asserting error in refusing or giving instructions. The bill of exceptions shows that the verdict was right upon the evidence, and, therefore, the judgment could not be reversed for error in the instructions. *Casteel* v. *Casteel,* 8 Blackf. 240; *Caldwell* v. *Williams,* 1 Ind. 405; *Brooster* v. *State,* 15 Ind. 190. But in this case the instructions refused were rightly refused, and the instructions given by the court were as favorable to the appellants as they had a right to expect, under the allegations of their complaint. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.