Minshall, J.
It would seem at first blush contrary to certain general principals of remedial justice to allow a plaintiff to recover damages for an injury inflicted on him by a defendant in a combat of his own seeking; or where, as in this case, the fight occurred by an agreement between the parties to fight. Thus in cases for damages resulting from the clearest negligence on the part of the defendant, a recovery is denied the plaintiff, if it appear that his own fault in any way contributed to the injury of which he complains. And a maxim, as old as the law, volenti non fit injuria, forbids a recovery by a plaintiff where it appears that the ground of his complaint had been induced by that to which he had assented; for, in judgment of *179 law, that to which, a party assents is not deemed an injury. Broom’s Leg. Max. 268.
But as often as the question has been presented, it has been decided that a recovery may be had by a plaintiff for injuries inflicted by the defend&nt in a mutual combat, as well as in a combat where the plaintiff was the first assailant, and the injuries resulted from the use of excessive and unnecessary force by the defendant in repelling the assault. These apparent anomalies rest upon the importance which the law attaches to the public peace as well as to the life and person of the citizen. From considerations of this kind it no more regards an agreement by which one man may have assented to be beaten, than it docs an agreement to part with his liberty and become the slave r.f ¡mother. But the fact that the injuries were received in a combat in which the parties had engaged by mutual agreement, may be shown in mitigation, of damages. 2 Greenleaf Evi., § 85; Logan v. Austin, 1 Stewart, 476. This, however, is the fnll extent to which the cases have gone. We will notice a few of them. In Boulter v. Clark, an early case, an offer was made, under the general' issue, to show that the plaintiff and the defendant fought by consent. The offer was denied , the Chief Baron saying, “ the fighting being unlawful, the consent of the plaintiff to fight, if proved, would be no bar to his action.” Buller’s Nisi Prius, 16. A number of earlier cases were cited, and among them that of Mathew v. Ollerton, Comb. 218, where it is said “that if a man license another to beat him, such license is void, because it is against the peace.” It will be found upon examination that this case was not for an assault and battery; it was on an award that had been made by the plaintiff on a submission to himself. The remark, however, made in the reasoning of the court, is evidence of the common understanding of the law at that early day. In 1 Stephen’s Nisi Prius, 211, it is said: “If two men engage in a boxing match, an action can be sustained by either of them against the other, if an assault be made; because the act of boxing is unlawful, and the consent of the parties to fight' cannot excuse the injury.” So in Bell v. Hansley, 3 Jones, N. C. 131, it was held that “one may recover in an *180 action for assault and battery, although he agreed to fight with his adversary; for such agreement to break the peace being void, the maxim volenti non fit injuria does not apply.” The following cases are to the same effect: Stout v. Wren, 1 Hawks, 420; Adams v. Waggoner, 33 Ind. 531; Shay v. Thompson, 59 Wis. 540; Logan v. Austin, 1 Stewart, 476. And so it was held in Commonwealth v. Collberg, 119 Mass. 350, that where two persons go out to fight with their fists, by consent, and do fight with each other, each is guilty of an assault, although there is no anger or mutual ill-will. Champer v. State, 14 Ohio St. 437, is not in conflict with this, as will be explained hereafter.
No case has been cited that can be said to be to the contrary. What is said by Peck, J., in Smith v. State, 12 Ohio St. 466, that “an assault upon a consenting party would seem to be a legal absurdity,” must be applied to the facts of that case. The judge was discussing the sufficiency of a count in an indictment for an assault with intent to commit a rape, without an averment that it was made forcibly and against the will of the female. The absence of consent is essential to the crime of rape, or of an assault with intent to commit a rape, where the female lias arrived at the age at which consent may be given. Intercourse, because illicit, does not amount to an assault where the female consents, however wrong it may be in morals. This is all that was meant by the learned judge in using the language quoted from his opinion.
In all such cases the consent of the female would, without doubt, be a bar to any right she would otherwise have to maintain an action for an assault and battery. It is said by Judge Cooley in his work on Torts, p. 163, that, “consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to. * * * A man may not even complain of the adultery of his wife, which he connived at or assented to. If he concurs in the dishonor of his bed, the law will not give him redress, because he is not wronged. These cases are plain enough, because they are cases in which the questions arise between the parties alone.” “ But,” he adds, “ in case of a breach of the peace it is different. The *181 state is wronged by this and forbids it on public grounds. * * * The rule of law is therefore clear and unquestionable, that consent to an assault is no justification. The exception, to this general rule embraces only those cases in which that to which assent is given is matter of indifference to public order.” See also, to like effect, Pollock on Torts, 139.
Neither is the case of Champer v. State, 14 Ohio St. 437, at variance with the principle upon which the plaintiff below seeks a recovery. The case seems to have been somewhat misapprehended by the courts of some of the states, as well as by some text-writers. By the statutes of this state a distinct offense is made of an affray or agreement to fight; and the effect of the holding is that where such an offense is committed, the indictment must be for an affray, and not for an assault and battery. The civil right of either party to recover of the other for injuries received in an affray, is not affected by tbe statute nor by the decision just referred to. Such seems to have been the view taken by Boynton, J., in the subsequent case of Darling v. Williams, 35 Ohio St. 63.
The ease of Fitzgerald v. Cavin, 110 Mass. 153, is to the effect that consent is no bar to that which occasions bodily harm if the act was intentionally done.
It is upon the same principle of public policy that one, who is the first assailant in a fight, may recover of his antagonist for injuries inflicted by the latter, where he oversteps what is reasonably necessary to his defense, and unnecessarily injures the plaintiff; or that, with apparent want of consistency, permits each to bring an action in such case, the assaulted party for the assault first committed upon him, and the assailant, for the excess of force used beyond what was necessary for self-defense. Dole v. Erskine. 35 N. H. 503, criticising Elliott v. Brown, 2 Wend. 499; Cooley on Torts, 165; Darling v. Williams, 35 Ohio St. 63; Gizler v. Witzel, 82 Ill. 322. And see also Commonwealth v. Collberg, supra.
It would seem that under the code the right of each combatant to damages might be determined and measured in the same action. Swan’s Plead. Prec. 259, n. a.
*182 And upon like principle it has been ruled that the doctrine of contributory negligence has no application to an action to recover damages for an assault and battery. Ruter v. Foy, 46 Iowa, 132; Steinmetz v. Kelly, 72 Ind. 442; Whitehead v. Mathaway, 85 Ind. 85. Negligence of the plaintiff contributing to the injury of which he complains, is taken into consideration only in those cases, where the liability of the defendant arises from want of care on his part, occasioning injury to the plaintiff; it does not apply to the commission of an intentional wrong.
A question was made as to the admissibility of the evidence of an agreement to fight, under the issue made by the pleadings — the answer being a general denial. If the evidence had been competent for any purpose, other than in mitigation of damages, it would have been under the issue as made. It was insisted on in denial of the right of action, and not as an avoidance of it; so that it was not necessary to be pleaded as new matter. If it had been so pleaded it would have been subject to a demurrer. We think the court erred in- its charge to the jury. The injury inflicted, the loss of a finger, was a severe one; it amonnted in fact to a mayhem. “Where the injury” (a mayhem), says the author of a recent and quite valuable work on criminal pi'oeedure, “ takes place during a conflict, it is not necessary to a conviction that the accused should have formed the intent before engaging in the conflict. It is sufficient if he does the act voluntarily, unlawfully, and on purpose.” Maxwell’s Crim. Proc. 260. It was permissible to the defendant to show the agreement to fight in mitigation of damages, but not as a bar to the action.

Judgment affirmed.