## RUTER v. FOY.

1. **Negligence:** ASSAULT AND BATTERY. The doctrine of contributory negligence has no application in an action for assault and battery.

2. **Instruction:** CATTLE DAMAGE FEASANT. Whether or not the owner of land upon which cattle have strayed has a right to distrain them depends upon the circumstances of the case, and an instruction which assumes the existence of such a right is erroneous.

3. **Practice:** EXCEPTION TO INSTRUCTIONS. A general exception to instructions, some of which are correct, raises no question for the consideration of the appellate court.

*Appeal from Butler Circuit Court.*

THURSDAY, JUNE 7.

THE plaintiff avers in her petition that the defendant assaulted and beat her with a pitchfork, whereby she sustained great injuries. Trial by jury. Verdict for plaintiff for $200. Defendant appeals.

*Scales & Cassidy,* for appellant.

*W. V. Allen,* for appellee.

ADAMS, J.—I. The defendant asked an instruction which is in the following words: "If you find from the evidence that plaintiff was injured, or contributed to her injury, by her own act or negligence, defendant would not be liable for assault and battery upon her, and plaintiff cannot recover." The court refused to give the instruction and the refusal is assigned as error.

*1. NEGLIGENCE: assault and battery.*

The doctrine of contributory negligence has no application in an action for assault and battery. There can be no contrib-

utory negligence except where the defendant has been guilty of negligence to which the plaintiff's negligence could contribute. An assault and battery is not negligence. The former is intentional; the latter is unintentional.

II. The testimony tended to show that at the time of the alleged assault and battery the plaintiff was watching her

2. INSTRUC-TION: cattle damage feasant.

father's cows; that they had strayed upon defendant's land; that the plaintiff was endeavoring to drive them off, and that the defendant was endeavoring to take them up.

Upon the trial he asked the court to give an instruction in the following words: " Defendant had a right to distrain the cattle while doing damage upon his premises, and if, while so doing, plaintiff interfered and sought to prevent him from driving them into the lot or cow pen, defendant might use such force as was reasonable and necessary to prevent such interference; and if he used no more force than was reasonably necessary he is not liable and you should find for the defendant."

The court refused to give this instruction and the defendant assigns the refusal as error. Whether he had a right to distrain the cattle depended upon circumstances. The court would not have been justified in assuming such fact. The instruction therefore was rightly refused.

III. The court upon its own motion gave nine instructions. The defendant claims that four of them are erroneous and

3. PRACTICE: exception to instructions.

assigns the giving of them as error. Upon this point the defendant is not entitled to be heard because no proper exception was reserved. The exception reserved was to all the instructions in a mass, and was in the words, "To the giving of the foregoing instructions the defendant then and there excepted." That this is not sufficient see *McCaleb v. Smith*, 24 Iowa, 591, and cases there cited.

IV. It is claimed that the verdict is not supported by the evidence, but as the evidence is conflicting we should not be justified in disturbing it.

AFFIRMED.