Steinmetz *v.* Kelly.

No. 7196.

STEINMETZ *v.* KELLY.

ASSAULT AND BATTERY.—*Contributory Negligence.—Pleading.*—The doctrine. that contributory.negligence on the part of a plaintiff will defeat his action, has no application to a case of unlawful assault and battery,

as the person assaulted is under no obligation to exercise any care to avoid the same by retreating; and his want of care, in no just sense, contributes to the injury inflicted upon him by such assault and battery.

SAME.—*Answer.*—*Excusable Trespass.*—It is a good defence, to an action for assault and battery, to allege and prove that the trespass was committed because of the misconduct of the plaintiff, and that the defendant employed no more force than was necessary and reasonable.

SAME.—*Replication de Injuria.*—In such an action, under a replication in general denial, the plaintiff may recover for the excess of force used, such replication being equivalent to the common law replication *de injuria.*

From the Jefferson Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellant.

*W. D. Wilson* and *C. H. Wilson*, for appellee.

WORDEN, J.—Action by the appellee against the appellant for assault and battery. The complaint consisted of three paragraphs, a demurrer to each of which, for want of sufficient facts, was overruled. The first, the only one to which any specific objection is made in this court, alleged that the defendant, on, etc., "violently and unlawfully assaulted the plaintiff, and struck him, and also threw him, the plaintiff, from the house of the defendant on to the street pavement, in front of the defendant's house, with great violence, fracturing," etc.

The defendant answered : *First.* "That, at the time of the injury complained of, the plaintiff was in the bar-room, in the house where the defendant was keeping a hotel and barroom, and that the same occurred on defendant's premises ; that the plaintiff became noisy and boisterous, and the defendant requested the plaintiff to leave his said bar-room several times, which the plaintiff refused to do ; and defendant says the plaintiff unlawfully took hold of the defendant, in a rude, insolent and angry manner ; when the defendant took the plaintiff outside of the door of his said barroom, using no more force than was necessary to do so, and

that he then released the plaintiff, when the plaintiff fell down upon the pavement, on account of his being intoxicated, and, without the fault of the defendant, caused the injury complained of by plaintiff's own conduct.''

*Second.* General denial.

The plaintiff replied by general denial to the first paragraph of answer. Trial by jury, verdict and judgment for the plaintiff for $500.

The counsel for the appellant, in their brief, say : "We shall not stop now to discuss the merits of the complaint further than to say that the first paragraph of the complaint shows an eviction from the defendant's premises, and we have thought that the paragraph should aver that the injury occurred without the fault of the plaintiff.'' The paragraph does not charge an injury to the plaintiff, arising out of the negligence of the defendant, but an unlawful assault upon, and battery of, the plaintiff's person. In such cases it is not necessary to allege that the plaintiff was without fault, or, in other words, was not guilty of contributory negligence. There remains nothing more to be considered, except such questions as arise on a motion for a new trial.

The appellant claims that the case was not made out by the evidence, and especially that, as the defendant had justified the battery charged by the matters set up in the first paragraph of his answer, and as the plaintiff had not replied the excess, if there was any, he could not recover for the excess.

The question of pleading above suggested will be considered in connection with one of the charges given.

We are of opinion, that the evidence given was sufficient to sustain the verdict.

The general facts of the case were that the plaintiff was in the defendant's bar-room, and, becoming to some extent intoxicated and noisy, the defendant requested him, several times, to leave the house, which the plaintiff refused to do ;

Steinmetz *v.* Kelly.

whereupon the defendant took hold of him and pushed him out at the door, the plaintiff falling upon the pavement, as he was thrust out, striking upon his head and shoulders, whereby he was rendered unconscious for some time, his face bruised, and some of the bones thereof fractured.

We suppose the jury thought the force applied in ejecting the plaintiff was unnecessary and excessive; and in this we can by no means say that they erred.

The defendant asked that the following interrogatory be answered by the jury, if they should return a general verdict, viz. :

"Did the fault or negligence of the plaintiff contribute in any way to the injury of the plaintiff, received on the evening of the 3d of March, 1876?"

The court declined to direct the jury to answer the interrogatory ; and in this we think no error was committed.

The right of the plaintiff to recover depended, not upon any negligence of the defendant, but upon the assault and battery, which, if perpetrated at all by the defendant, was intentional and purposed. It may be, that the defendant did not intend to inflict so severe an injury upon the plaintiff as seemed to result from the excess of force applied by him ; but it does not, therefore, follow that he did not intend to apply that force.

The doctrine, that contributory negligence on the part of the plaintiff will defeat his action, has been generally applied in actions based on the negligence of the defendant ; in short, in cases involving mutual negligence. But it has also been applied in some cases where the matter complained of was not negligence merely, but the commission of some act in itself unlawful, without reference to the manner of committing it, as the wilful and unauthorized obstruction of a highway, whereby a person is injured. *Butterfield* v. *Forrester*, 11 East, 60 ; *Dygert* v. *Schenck*, 23 Wend. 446.

The doctrine, however, can have no application to the case

of. an intentional and unlawful assault and battery, for the reason that the person thus assaulted is under no obligation to exercise any care to avoid the same by retreating or otherwise, and for the further reason that his want of care can, in no just sense, be said to contribute to the injury inflicted upon him by such assault and battery.

An intentional and unlawful assault and battery, inflicted upon a person, is an invasion of his right of personal security, for which the law gives him redress, and of this redress he can not be deprived on the ground that he was negligent and took no care to avoid such invasion of his right.

The trespass was purposely committed by the defendant. If he could excuse it on the ground of the alleged misconduct of the plaintiff, and if he employed no more force than was necessary and reasonable, that was a complete defence. Otherwise, the plaintiff, if he made out the trespass, was entitled to recover, and no negligence on his part, as before observed, could defeat his action. The case of *Ruter* v. *Foy*, 46 Iowa, 132, is in point. There, the plaintiff alleged that the defendant had assaulted and beat her with a pitchfork. On the trial the defendant asked, but the court refused, the following instruction: "If you find from the evidence that the plaintiff was injured, or contributed to her injury, by her own act or negligence, defendant would not be liable for assault and battery upon her, and plaintiff can not recover." On appeal the court said upon this point: "The doctrine of contributory negligence has no application in an action for assault and battery."

The case here is entirely unlike that of *Brown* v. *Kendall*, 6 Cush. 292. There, the defendant's dog and another were fighting. The defendant was beating the dogs with a stick in order to separate them, in doing which he accidentally hit the plaintiff in the eye with the stick. It was held that trespass *vi et armis* was the proper form of action, because the injury to the plaintiff was immediate; but that as the

parting of the dogs was a **proper** and lawful act, and as the hitting of the plaintiff was not intentional, but a mere accident or casualty, the plaintiff could not recover at all, without showing a want of ordinary care on the part of the defendant; and then that contributory negligence on the part of the plaintiff would defeat the action.

Although, according to the common law system of pleading, trespass *vi et armis* was the proper form of action in such case, the essential and only ground on which the action could rest was the negligence of the defendant in doing an act lawful in itself, whereby the plaintiff was injured; and this is so as fully as if the plaintiff had framed his declaration in case, for the negligence.

The difference between that case and the present is substantial and vital. In that case, the battery was unintentional, and the defendant therein was guilty of no wrong, save his negligence. Here, the defendant intentionally perpetrated the battery, and the plaintiff's right to recover was not based upon the negligence of the defendant at all.

The court gave the jury the following charge, viz.:

"If Mr. Kelly, on the night of the 3d day of March, 1876, was in the bar-room of the defendant, the defendant had the right, whether Mr. Kelly was behaving himself or misbehaving himself, to request Mr. Kelly to leave the house of defendant; and if, upon such request, Mr. Kelly did not, within a reasonable time, comply with such request, and leave the house, then the defendant had the right to use such force as was necessary to remove him, and no more; and if, in removing him, he used more force than was reasonably necessary, then the defendant became a wrong-doer, and is liable, in this action, to a verdict at your hands, for any injury the plaintiff may have sustained, on account of such excessive force."

It is claimed by the appellant, that the instruction was wrong as applied to the issues; that, as the plaintiff replied

by denial only to the first paragraph of answer, he could not recover for any excess of force, but should have replied the excess specially.

It was, however, long ago settled that in trespass for assault and battery, on plea of *son assault demesne*, and the common law replication *de injuria*, etc., the plaintiff could recover for the excess, no special replication being necessary. *Fisher* v. *Bridges*, 4 Blackf. 518; *Philbrick* v. *Foster*, 4 Ind. 442.

But the counsel for the appellant say: "The replication of a general denial is not a replication *de injuria*." A replication of general denial, however, is the full equivalent of the common law replication *de injuria*, for the substance of that replication was but a denial, total or partial, of the matter alleged in the plea. Thus says Mr. Chitty (1 Chitty Plead., 16th Am. ed., p. 618): "In *trespass to persons*, if the defendant has pleaded *son assault demesne*, and self-defence, or a defence of a father, mother, son, etc., or any other plea merely in excuse of an injury to the person (and not a justification under process of a court of record), the replication or general traverse *de injuria* or *de son tort demesne*, the qualities of which will be explained hereafter, is in general proper, if the plea be wholly untrue." Again, at page 633: "In *trespass*, and in actions on the case for slander, the replication containing *a general denial of the whole plea* sometimes occurs, and is termed a replication *de injuria sua propria absque tali causa*, or '*de son tort demesne sans tiel cause;*' or if a part of the plea be admitted, then it is termed *de injuria absque residua causa*, thereby denying all but the admitted fact or facts. This replication tenders issue upon and compels the defendant to prove every material allegation in his plea, and therefore it is frequently advantageous to the plaintiff to adopt it, when by the rules of pleading it is permitted."

Stephens says (Stephens' Pl., by Tyler, p. 179): "There

Steinmetz *v.* Kelly.

is another species of traverse, which varies from the common form, and which, though confined to particular actions, and to a particular stage of the pleading, is of frequent occurrence. It is the traverse *de injuria sua propria absque tali causa*, or (as it is more compendiously called) the traverse *de injuria*. It always *tenders issue;* but, on the other hand, differs, like many of the general issues, from the common form of the traverse, by denying in general and summary terms, and *not in the words of the allegation traversed.*"

We have been thus particular in exhibiting the office and character of the common law replication *de injuria*, etc., for the purpose of showing that the decisions of this court, above mentioned, that the excess of force could be shown under such replication, are entirely applicable to the case of a replication of general denial. Whether excess of force could be shown under replication of general denial to an answer setting up a *justification*, as an arrest by virtue of legal process, instead of an *excuse* merely, as in this case, we need not decide. See on this subject cases cited in note $y^1$ to Chitty Plead., at page first above cited.

The objection to the instruction is not well taken.

The defendant asked instruction numbered 9 to be given, but it was refused on the ground that it was substantially embraced in the charges given. Upon comparing the instructions, we think the one asked was covered by those given.

What we have already said, on the subject of negligence, disposes of the 13th and 14th charges asked and refused.

We find no error in the record.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.