523 A.2d 1066

**ALLSTATE INSURANCE COMPANY**

v.

**John ATWOOD, et al.**

**No. 1098, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

April 15, 1987.

Certiorari Granted Aug. 3, 1987.

Charles E. Wilson, Jr. (McCarthy, Wilson, Ethridge & Quinn on the brief) Rockville, for appellant.

Alan S. Feld (Bulman, Dunie, Burke & Feld, Chartered on the brief) Bethesda, for appellees.

Argued before GILBERT, C.J., WEANT, J., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

GILBERT, Chief Judge.

This appeal is an outgrowth of an incident that occurred on Halloween night, 1983. In an apparently unprovoked attack, a teenager, John Atwood, struck Raymond Dacek III, a minor, in the face. Young Dacek, individually and through his father, sued Atwood in the Circuit Court for Montgomery County. The suit alleged that Dacek's injuries were caused by Atwood's negligence or deliberate assault and battery upon the youthful plaintiff.

At the time of the occurrence, Atwood resided with his parents, who had a policy of insurance with Allstate Insurance Company. That policy provided in pertinent part that Allstate

"will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy ...
Exclusion. Losses We Do Not Cover.
1. We do not cover bodily injury or property damage intentionally caused by an insured person."

Believing that Atwood's striking of Dacek was an intentional act and thereby excluded from coverage under the

contract of insurance, Allstate in December 1984 filed a "Bill of a Declaratory Relief." The Bill was dismissed without prejudice on the ground that it was premature.

Subsequently, Dacek's case against Atwood went to trial. The matter was submitted to the jury. That body returned its verdict in written form, as follows:

"                              VERDICT SHEET

1. For whom do you find?
   The Plaintiffs, Raymond F. Dacek and Raymond F. Dacek, III we find for the plaintiffs OR the Defendant _____
2. If you find for the Plaintiffs, under which theory do you find the Defendant liable?
   Battery _____ OR Negligence negligence
3. In what amount do you find for Raymond F. Dacek $3007.00
4. In what amount do you find for Raymond F. Dacek, III $24,000.00"

Notwithstanding that the jury found only negligence insofar as Atwood's striking Dacek III was concerned, Allstate again filed a Bill for Declaratory Relief. The insurance company asserted that the injuries sustained by Dacek "were a direct result of ... [Atwood's] intentional act, were foreseeable and expected consequences of said act, and were therefore intentionally inflicted." Furthermore, Allstate averred, Atwood's deposition testimony constituted an admission of his intentional assault and battery on Dacek. That testimony, according to Allstate, read:

"Q. What was it you heard him, Raymond Dacek, say?
 A. I asked him what he said, and he said, 'I was just making a nice comment can [sic] about your car.'
 Q. Then what did you do?
 A. I threw a punch.
 Q. Did you punch of [sic] strike Raymond?
 A. Yes.
 Q. Where did it hit him?
 A. In the face.
 Q. What happened to him after of [sic] that?

> A. He fell and ran away.
>
> Q. Did you have any reason whatsoever to attempt to hurt him that evening?
>
> A. No."

Atwood and Dacek both moved to dismiss the declaratory action. Following a hearing on the motions, Judge Stanley B. Frosh dismissed the action. Aggrieved, Allstate appealed.

The issue before us is whether the insurer who provides a defense for its insured in a tort case may, after disposition of the tort matter, relitigate the same issues and obtain a declaratory judgment that overrides a tort jury's verdict in the tort action.

Although Allstate was not a party to the suit in which the jury determined that Atwood's act of punching Dacek in the face was the result of negligence rather than battery, the insurer is, nevertheless, bound by that verdict.

In *Brohawn v. Transamerica Insurance Company*, 276 Md. 396, 347 A.2d 842 (1975), as in the instant case, a conflict of interest arose between an insurer and its insured. The conflict arose out of a complaint that alleged separate and alternative theories of negligence and assault and battery. Under the terms of the policy, the insured defendant was entitled to a defense in a suit against her for negligence but not assault and battery. The insurer, Transamerica, maintained that, because of a conflict of interest resulting from the issues of negligence and assault and battery, the coverage question should be resolved in a prior declaratory action.

Answering that contention by the insurer, the Court said:

> "A declaratory judgment action prior to the trial of a tort action against the insured may under some circumstances be a valuable means of resolving questions of policy coverage where those questions are independent and separable from the claims asserted in a pending suit by an injured third party. An early resolution could avoid unnecessary expense and delay to the parties.

Thus, where an insurance company claims lack of coverage because of the insured's failure to comply with contract provisions such as the cooperation or notification clause, or failure to pay premiums, a declaratory judgment would ordinarily be appropriate and should be granted. *See Prashker v. United States Guarantee Company,* 1 N.Y.2d 584, [154 N.Y.S.2d 910, 916] 136 N.E.2d 871, 875 (1956); *Employers' Fire Insurance Company v. Beals,* 103 R.I. 623, 340 A.2d 397, 401 (1968)." 276 Md. at 405, 347 A.2d at 848.

*Brohawn,* however, affirmed the dismissal of the declaratory judgment action, stating:

"If the issue upon which coverage is denied were not the ultimate issue to be determined in a pending suit by a third party, a declaratory judgment would be appropriate. But where, as here, the question to be resolved in the declaratory judgment action will be decided in pending actions, it is inappropriate to grant a declaratory judgment." 276 Md. at 406, 347 A.2d at 849.

That the *Brohawn* Court was keenly aware of the conflict of interest faced by the insurer is evident by the Court's comment:

"[A]n insured is not deprived of his contractual right to have a defense provided by the insurer when a conflict of interest between the two arises under circumstances like those in this case. When such a conflict of interest arises, the insured must be informed of the nature of the conflict and given the right either to accept an independent attorney selected by the insurer or to select an attorney himself to conduct his defense. If the insured elects to choose his own attorney, the insurer must assume the reasonable costs of the defense provided." 276 Md. at 414, 347 A.2d at 854.

At trial both plaintiff and defense counsel argued that Atwood's act was negligent rather than intentional. Allstate's contention that the act was intentional was not advanced to the fact finder. What seems to have been overlooked by Allstate in its reading of *Brohawn* is the

Court's suggestion that, in the event of a conflict of interest, independent counsel be sought for the insured. 276 Md. at 414, 347 A.2d at 854. Implicit in that suggestion is the inference that the insurer might also be represented at trial so as to protect its interest.

We are urged by Allstate to hold that *Brohawn* applies only to declaratory judgments sought *prior* to trial of the underlying tort and has no post-tort trial application. Were we to adopt that view of *Brohawn,* its concern with judicial economy, finality of decisions, and avoidance of conflicting judgments would be totally thwarted.

Allstate finds support for its position in *Glens Falls Ins. v. American Oil Co.,* 254 Md. 120, 254 A.2d 658 (1969). *Brohawn,* however, specifically circumscribed the holding of *Glens Falls* to its own particular facts. Consequently, that case affords Allstate no comfort. Even if *Brohawn* did not severely limit *Glens Falls,* the matter *sub judice* is readily distinguishable from *Glens Falls.* There the insurer refused to participate in a trial, contending there was no coverage and it was not obligated to defend the insured. A judgment was obtained against the insured, and Glens Falls refused to pay it. The question before the Court of Appeals was whether the insurer was estopped to litigate coverage because of the prior judgment, which the insurer had refused to defend.

Here the issue sought to be decided by the declaratory action was actually litigated in the prior tort trial. The jury found a verdict of negligence, a subject insured against by Allstate's insurance policy. Negligence and battery are not *ipso facto* mutually exclusive. *Ghassemieh v. Schafer,* 52 Md.App. 31, 447 A.2d 84 (1982), makes clear that where an intended act causes an unintended consequence the actor may be found negligent. The jury in the circuit court tort action, *Dacek v. Atwood,* resolved the question of intent or negligence. They determined that Atwood's act was negligent.

Everyone seems to be keenly aware of what *Brohawn* does, i.e., prohibits preliminary adjudication of an insured's right to coverage under an insurance policy if the issue will be decided in the "main event"—the tort trial. Equally important to know is what *Brohawn* did not do. *Brohawn* did not strip away all of an insurer's defenses; *Brohawn* did not preclude an insurer under appropriate circumstances from bringing a declaratory judgment action; and *Brohawn* did not forbid an insurance carrier from intervening as a party in a tort case brought against its insured, so long as the insured is not cast adrift and left to fend for himself or herself against the wealth and resources of the carrier.

Arguing that it could not intervene in the tort trial between its insured and Dacek, Allstate points to the language of *Brohawn* which reads:

"Allowing Transamerica to litigate the question of whether any injuries were intentionally inflicted would permit it, and not Mrs. Shaffer and Mrs. Friend, the plaintiffs in the tort suits, to control the litigation. Transamerica would assume the burden of establishing not only that Mrs. Shaffer and Mrs. Friend were in fact injured but also that they were injured intentionally, exposing its insured Mrs. Brohawn to potential punitive damages. And Mrs. Brohawn would be forced not only to defend against the allegations of Mrs. Shaffer and Mrs. Friend, but also against the vast resources and expertise of her insurer who would be trying to prove that which was its contractual duty to disprove."

We do not read the quoted language of *Brohawn* as a proscription against Allstate's being represented as a party in the trial of the tort case. Rather, we think Judge Eldridge was reiterating for the Court that the carrier could not in that case litigate the question of insurance coverage before there had been a trial on the merits of the underlying tort claim. We perceive nothing in *Brohawn* that forbids the carrier, after supplying independent counsel to its insured or paying the costs of the insured's choice of counsel, from intervening as a party and being represented

at the tort trial. *See Hartford Insurance Company v. Birdsong,* 69 Md.App. 615, 519 A.2d 219 (1987).[1] Costs of the insured's counsel would of necessity include investigative and other charges associated with preparation for trial.

We are supported in our conclusion by *Employers' Fire Insurance Company v. Beals,* 103 R.I. 623, 635, 240 A.2d 397, 404 (1968), which *Brohawn* also cited as authority. Two other out-of-state decisions allowing the insurance carrier to litigate coverage in the main action are *United States Fidelity and Guaranty Co. v. Watson,* 106 Ga.App. 748, 128 S.E.2d 515 (1962), and *General of America Insurance Co. v. Lilly,* 258 Cal.App.2d 465, 65 Cal.Rptr. 750, 755 (1968).

The procedure we suggest does not place the insured at an economic disadvantage because the cost of his or her defense is borne by the carrier. Rather than having the insurance company wrest control of the litigation from the plaintiffs, all of the parties, including the carrier, would appear before the court on an equal footing.[2]

Allstate ignores the fact that in the instant case the issue of coverage was implicitly decided by the jury's finding of negligence on the part of Atwood. Contrary to the way it views the happenings at trial, Allstate was not denied its right to representation. That it misread *Brohawn* and opted not to intervene as a party is fatal.

Ordinarily we would conclude at this point, but Atwood has moved on the strength of *Brohawn* for the payment of counsel fees in defending the declaratory relief action. He is entitled to them. *Brohawn,* 276 Md. at 415, 347 A.2d at

---

**1.** We declined to allow intervention in *Birdsong* because of the untimeliness of the request as well as the insurers' lack of sufficient interest to warrant intervening in the trial of the case.

**2.** Our holding is limited to those cases where the complaint alleges at least some matter that is within the ambit of the policy. We do not suggest that a question of misrepresentation in the application for insurance or of fraud upon the carrier may be or need be litigated simultaneously with a third party's tort action.

854.   Inasmuch as the record before us is devoid of any information upon which an award of counsel fees may be made, we shall leave that matter for the trial judge to determine.

ORDER DISMISSING BILL FOR DECLARATORY RELIEF AFFIRMED.

COSTS TO BE PAID BY APPELLANT.