531 A.2d 696
**Markus SABA**
v.
**Charles DARLING.**
**No. 36, Sept. Term, 1987.**
Court of Special Appeals of Maryland.
Oct. 7, 1987.

Albert D. Brault (Janet S. Zigler, Brault, Graham, Scott & Brault and Robert Windsor, on the brief), Rockville, for appellant.

James L. Kelly, Jr. (Donahue, Ehrmantraut & Montedonico, Chartered, on the brief), Rockville, for appellee.

Argued before GILBERT, C.J., and GARRITY and WENNER, JJ.

GILBERT, Chief Judge.

Markus Saba sued Charles Darling in the Circuit Court for Montgomery County in a suit grounded on assault and battery as well as negligence. Through discovery, counsel for Saba obtained a copy of an insurance policy covering Darling. The policy specifically excluded payment to others if bodily injury was intended by the insured. Not surpris-

ingly, before the jury was impanelled in the matter, Saba dismissed his claim of assault and battery.[1] The jury returned a verdict in favor of Darling.

Asserting error in the trial judge's refusal to instruct the jury that simple contributory negligence is not a bar to recovery in a suit asserting gross negligence, Saba has appealed to this Court. He asks that we establish that principle by case law, reverse the trial court, and remand for a new trial.

The record discloses that the concept of simple contributory vis-a-vis gross negligence arose out of the jury's deliberations. During that time the jury sent a note to the trial judge asking whether they were required to decide in favor of Darling if they found any degree of negligence on the part of Saba. Astutely seizing upon that question, Saba's counsel, for the first time, theorized that simple contributory negligence "is not a defense to gross negligence." The judge declined to so advise the jury.

There is disagreement in the testimony as to just what Saba did immediately preceding his being struck by Darling. Whether he "shadow-boxed" or used "karate motions" in close proximity to Darling is cast in doubt by conflicts in the evidence. Whether Saba was struck in a frontal assault or from behind is equally blurred. What is clear, however, is that Darling, willfully and deliberately, punched Saba in the jaw.

Evidence in the case revealed that Darling had a history of fighting when he was under the influence of alcohol. Saba argued that Darling, by drinking alcohol, demonstrated such indifference to the rights of others that he should be found liable for gross negligence. On that tenuous basis the trial court permitted the jury to consider the question of

---

1. Patently, Saba's counsel was aware of *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842 (1975). *Allstate v. Atwood,* 71 Md.App. 107, 523 A.2d 1066, *cert. granted,* 310 Md. 274, 528 A.2d 1286 (1987), had not then been decided so Darling's insurance carrier did not avail itself of the manner of defense suggested there.

whether Darling was grossly negligent. The judge instructed the jury that, however, "[a] plaintiff cannot recover if his negligence is the cause of his injury. The Defendant has the burden of proving by a preponderance of the evidence that the Plaintiff's negligence, if any, was the cause of the Plaintiff's injury."

Indubitably, the jury was troubled by the fact that Saba had apparently provoked the fight. It asked clarification on the question of the degree of contributory negligence required on Saba's part before he would be barred from any recovery.

Saba asserts that, although there is no Maryland case that has so held, it is black-letter law that simple contributory negligence will not bar recovery where a defendant's acts amount to gross negligence. From that premise, Saba proceeds to contend that the circuit court erred in refusing to supplement its instructions so that the jury could receive instructions grounded on what is reflected in § 65 of *Prosser and Keeton on Torts* (5th Ed., 1984) and in § 482 of the Restatement (Second) of Torts (1965).

Section 65 of *Prosser* consists of twelve pages. In the concluding paragraph, he states:

"The ordinary contributory negligence of the plaintiff is to be set over against the ordinary negligence of the defendant, to bar the action. But where the defendant's conduct is actually intended to inflict harm upon the plaintiff, there is a difference, not merely in degree but in the kind of fault; and the defense never has been extended to such intentional torts. Thus it is no defense to assault or battery. The same is true of that aggravated form of negligence, approaching intent, which has been characterized variously as 'willful,' 'wanton,' or 'reckless,' as to which all courts have held that ordinary negligence on the part of the plaintiff will not bar recovery. Such conduct differs from negligence not only in degree but in kind, and in the social condemnation attached to it. Some courts have said that in such cases the plaintiff's conduct is not the 'proximate cause' of the harm; but

the causal connection appears to be basically the same as in any ordinary contributory negligence case. It is perhaps more a form of comparative fault, where the court is refusing to set up the lesser fault against the greater. Thus, if the plaintiff's own conduct is 'willful,' 'wanton,' or 'reckless,' it will be set up against similar conduct on the part of the defendant, and recognized as a bar to his action." (Foonotes omitted).

The Restatement declares:

"§ 482. Reckless Conduct

(1) Except as stated in Subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

(2) A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm."

Saba totally ignores the fact that the instant case arises from an assault and battery. Instead, he reasons that Darling's belligerence, occasioned by his drinking, set up a form of aggravated negligence, gross negligence, or recklessness. We think Darling's drinking is itself a willful, deliberate, and intentional act, hardly one of negligence. In any event, the nexus between Darling's drinking and the battery upon Saba is too flimsy a thread to support an action of gross negligence.

As we view the case *sub judice,* it arose from no more or less than a willful, intentional, deliberate assault and battery committed by Darling upon Saba. What Saba did to provoke the battery is not clear; but whatever it was, Darling was spurred to action, and act he did.

■ An assault and battery "consists of the unpermitted application of trauma by one person upon any part of the body of another," Gilbert, *Maryland Tort Law Handbook,* § 3.1, and contributory negligence is not applicable. *Steinmetz v. Kelly,* 72 Ind. 442 (1880). *See also Bartosh v.*

*Banning,* 251 Cal.App.2d 378, 385, 59 Cal.Rptr. 382 (1967), where it is said:

> "The crimes of assault and battery are intentional torts. In the perpetration of such crimes negligence is not involved. As between the guilty aggressor and the person attacked the former may not shield himself behind the charge that his victim may have been guilty of contributory negligence, for such a plea is unavailable to him. (*Villines v. Tomerlin,* 206 Cal.App.2d 448, 458 [23 Cal.Rptr. 617]; 2 Rest.Torts, § 481, p. 537; *Lowry v. Standard Oil Co.,* 63 Cal.App.2d 1, 6 [146 P.2d 57 (1944)])."

The reason the doctrine is not applicable to assault and battery is that the person who is assaulted is under no obligation to retreat or otherwise avoid his or her assailant. The victim's want of care cannot be said to contribute to the injury inflicted upon him or her. *Steinmetz v. Kelly, supra. See also Ruter v. Foy,* 46 Iowa 132 (1877); *Whitehead v. Mathaway,* 85 Ind. 85 (1882); *LaLone v. Smith,* 39 Wash.2d 167, 234 P.2d 893 (1951); *Bartosh v. Banning, supra;* Restatement (Second) of Torts, § 481, comment b (1965).

■ There was no evidence of negligence in this case, so that whether there was contributory negligence on the part of Saba matters not one whit. The issue of negligence should never have gone to the jury in the first instance. Rather, a motion for judgment should have been granted as a matter of law at the conclusion of the evidence. Thus, as we see it, whether "simple contributory negligence" is a bar to an action of gross negligence is a question whose answer must await another day. When Saba voluntarily dismissed his assault and battery complaint, he effectively terminated his viable cause of action. His suit in negligence fell of its own volition because the *probata* did not support the *allegata.*

Even though the verdict reached by the jury was grounded on the theory of negligence, there is no need to reverse this case inasmuch as the jury found for Darling notwith-

standing that the matter should never have been submitted to them. Nothing would be gained by reversing the case and remanding it for the sole purpose of having the trial court again enter judgment for Darling. To avoid that result, we shall simply affirm the judgment albeit for a totally different reason.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.