751 A.2d 19

**Lakesha JOHNSON, a Minor, etc.**

v.

**VALU FOOD, INC.**

**No. 1750, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

May 2, 2000.

Cary B. Hall (Margolis, Pritzker & Epstein, P.A., on the brief), Towson, for appellant.

Edward J. Brown (Amy Leete Leone and McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellee.

Argued before MURPHY, C.J., and DAVIS, LEONARD L. RUBEN (retired, specially assigned), JJ.

DAVIS, Judge.

This appeal stems from a dismissal of appellant Lakesha Johnson's amended complaint for failure to state a claim upon which relief could be granted. On January 17, 1997, appellant, a minor, by her mother Celia Cotten, filed suit in the Circuit Court for Baltimore City against appellee Valu Food, Inc., alleging false imprisonment and battery. Upon appellee's request to change venue, the case was transferred to the Circuit Court for Anne Arundel County on May 29, 1997. During the jury trial, which commenced in the circuit court on August 13, 1998, appellee moved for summary judgment on two grounds. Appellee argued that appellant, in her complaint for battery, failed to allege damages suffered by her as a result of appellee's conduct, and that her punitive damages claim was not supported by specific facts as required under Maryland law. The trial court dismissed appellant's complaint without prejudice and granted her leave to amend within fifteen days.

Appellee filed her amended complaint on August 14, 1998, in which she added a paragraph alleging general damages along with additional facts in support of her punitive damages claim. On July 29, 1999, a second jury trial was conducted in the

circuit court. Again, appellee made a motion to dismiss appellant's amended complaint for failure to state a claim, arguing that the damage claims in her pleading were insufficient as a matter of law. The circuit court granted appellee's motion and dismissed the case. Subsequently, appellant submitted a motion to reconsider the court's decision, which was denied on September 14, 1999. Appellant timely noted this appeal and presents for our review the following question:

> Did the trial court err by dismissing appellant's amended complaint, which contained general pleas of damages resulting from the torts of false imprisonment and battery?

For the reasons set forth herein, we answer appellant's question in the affirmative and reverse the judgment of the trial court.

## FACTUAL BACKGROUND

On May 5, 1996, appellant was a business invitee on the retail premises of appellee located at 2655 Old Annapolis Road, Hanover, Maryland. Appellant accompanied her mother, who had gone to appellee's store, Valu Food, in order to purchase groceries for dinner. While in the supermarket, according to Dawn Lohman, one of appellee's employees, she saw appellant take gum from the candy stand and place it in her purse. Suspicious that she had observed appellant shoplifting, Lohman approached her to question her about the gum; Lohman then proceeded to detain her against her will. Specifically, appellant alleges that Lohman put her arm around her and led her down the aisle toward the back of the store. As a result of Lohman's actions, appellant filed a complaint in the Circuit Court for Baltimore City against appellee. Count I of appellant's complaint alleges that being detained against her will constituted the tort of false imprisonment; Count II alleges the tort of battery as a result of her physical contact and restraint by Lohman.

Upon completion of discovery, the circuit court scheduled a jury trial to commence on August 13, 1998. On the date of trial, appellee orally moved for summary judgment on two

grounds: first, that the battery count failed to state any damages suffered as a result of appellee's conduct and, second, that appellant's prayers for punitive damages were not supported by sufficient facts as required under Maryland tort law. The circuit court (Loney, J.) dismissed appellant's complaint without prejudice and granted her leave to amend within fifteen days. Pursuant to the court's order, appellant filed her amended complaint on August 14, 1998, alleging general damages, and adding facts in support of her punitive damages claim.[1]

Subsequently, the trial court rescheduled a second jury trial date for July 29, 1999. On the morning of trial, before appellant presented her case, appellee orally moved to dismiss appellant's amended complaint, contending that the general damage claims in her pleading were insufficient as a matter of law. The trial court (Lerner, J.) dismissed appellant's case. On August 9, 1999, appellant filed a motion for reconsideration, which was subsequently denied. Following the court's decision, this appeal ensued.

## DISCUSSION

Appellant contends that the trial court erred by dismissing her complaint for failure properly to plead damages in accordance with Maryland law. In support of her claim, she argues that the intentional torts of false imprisonment and battery do not require a separately pleaded element of damages. Rather, appellant asserts that a general plea of damages is sufficient to sustain claims involving intentional torts. She further urges that the sufficiency of pleading general damages in a

---

1. In November 1998, appellee filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland and also filed a suggestion of bankruptcy in the circuit court. In response, appellant filed a Motion for Relief from Automatic Stay in the bankruptcy court. On April 1, 1999, the bankruptcy court granted appellant's motion in part by allowing litigation to proceed to verdict only, provided that appellant be precluded from executing any judgment obtained against appellee without further proceeding before the bankruptcy court.

complaint is recognized by Maryland common law and legal authorities on Maryland civil procedure.

 We begin our discussion by briefly examining the elements of the intentional torts of false imprisonment and battery. In order to establish a claim for false imprisonment, " 'the plaintiff must prove that the defendant deprived him or her of his or her liberty without consent and without legal justification.' " *See Green v. Brooks*, 125 Md.App. 349, 366, 725 A.2d 596 (1999) (citations omitted). Punitive damages are recoverable in an action for false imprisonment, as long as the plaintiff can show actual malice. *Montgomery Ward v. Wilson*, 339 Md. 701, 730, 664 A.2d 916 (1995). Alternatively, the elements of the tort of battery consist of the unpermitted application of trauma by one person upon any part of the body of another person. *Saba v. Darling*, 72 Md.App. 487, 491, 531 A.2d 696 (1987), *aff'd*, 320 Md. 45, 575 A.2d 1240 (1990). Further, "any claim for relief based upon an alleged tort, intentional or non-intentional, must allege facts, if proven true, sufficient to support each and every element of the asserted claim." *See Scott v. Jenkins*, 345 Md. 21, 28, 690 A.2d 1000 (1997).

 In the case *sub judice*, appellant's complaint alleges two counts: false imprisonment and battery. During the first scheduled jury trial, appellee moved for summary judgment based on the contention that appellant's complaint failed to allege any damage or harm. The record indicates that appellant's complaint failed to allege damages suffered by her, nor did it set forth a punitive damages claim [2] that was supported

---

2. Punitive damages generally must be based on actual malice and require the plaintiff to establish by clear and convincing evidence the basis for that award. *Montgomery Ward v. Wilson*, 339 Md. 701, 733–34, 664 A.2d 916 (1995) (citing *Owens–Illinois v. Zenobia*, 325 Md. 420, 469, 601 A.2d 633 (1992)). However, in intentional tort cases, the Court of Appeals recognized that "actual malice is not required as a basis for awarding punitive damages," rather implied malice could support an award for punitive damages. *See id.* (quoting *Zenobia*, 325 Md. at 460, 601 A.2d 633). Within the complaint, the Court further

by specific facts. The trial judge dismissed the complaint, but granted appellant leave to amend her complaint within fifteen days. Appellant timely filed an amended complaint in compliance with the trial judge's order, but, before the second scheduled jury trial commenced, appellee moved to dismiss the amended complaint. The trial judge heard arguments from both sides, granted appellee's motion, and dismissed appellant's case without leave to amend. In making its determination the court opined:

> Well, the way I look at it, I'm inclined to agree with [appellee] in this case that there's no specific damage to the [appellant] alleged. There's no nature and extent of any harm that's resulted. As a result of what's being alleged, there's nothing stated about any physical injury or any embarrassment or any anxiety or any emotional damage or anything else.
>
> I mean, just simply to say that they were falsely imprisoned and there was a battery with no resulting damages seems to me lacks—is lacking in its complaint. I'm going to grant the motion to dismiss. Costs are assessed against the [appellant].

■ Appellant contends that her general plea of damages in her complaint is sufficient. We agree. It is well settled that Maryland Rule 2–303(b) (2000) governs the form of pleadings and states in pertinent part:

> (b) Contents. Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings are required. A pleading shall contain only such statements of fact as may be necessary to show the pleader's entitlement to relief or ground of defense. It shall not include argument, unnecessary recitals of law, evidence, or documents, or any immaterial, impertinent, or scandalous matter.

In examining the purpose of pleadings, the Court of Appeals, in *Scott*, observed that

---

requires pleading specially the damages where punitive damages are sought. *Id.*

pleading plays four distinct roles in our system of jurisprudence. It (1) provides notice to the parties as to the nature of the claim or defense; (2) states the facts upon which the claim or defense allegedly exists; (3) defines the boundaries of litigation; and (4) provides for the speedy resolution of frivolous claims and defenses.

*See Scott,* 345 Md. at 27–28, 690 A.2d 1000.

Additionally, in addressing the sufficiency of pleading, the Court of Appeals in *Miller v. Howard,* 206 Md. 148, 153, 110 A.2d 683 (1955), noted that

[t]he mere allegation of the fact, without detailing a variety of minute circumstances that constitute the evidence of it, is sufficient. Generally speaking, a declaration is sufficient under the modern system of pleading if it contains a plain statement of the facts necessary to constitute a ground of action. Where the injury complained of is an injury to the person, it is sufficient to describe it briefly and in general terms.

There is no dispute that appellant's original complaint did not adequately plead damages pursuant to Maryland law. Appellant's amended complaint, however, alleges a *prima facie* case in intentional tort and sufficiently sets forth a plea for damages. Her complaint states in relevant part:

### Count 1—False Imprisonment

1. On or about May 5, 1996, [appellant], [sic] was an invitee on the retail premises of the [appellee] at its store located at 2655 Old Annapolis Road, Hanover, Maryland 21076.

2. While on said premises, [appellant] was detained against her will by an agent, servant, and[/]or employee of [appellee], without probable cause, and accused of theft. The agent, servant, and[/]or employee put her arm around [appellant] and escorted her down an aisle in the store and interrogated [appellant] concerning the theft of merchandise from [appellee].

WHEREFORE, this suit is brought and [appellant], [sic] claims the sum of Twenty-five Thousand Dollars ($25,000.00)

compensatory damages and One Hundred Thousand Dollars ($100,000.00) punitive damages against [appellee].

### Count 2—Battery

. . .

5. The allegation contained in paragraphs 1 through 3, are adopted by reference with the same effect as if herein fully set forth.

6. Such actions by the agent, servant, and/or employee constituted an offensive, intentional touching of [appellant] and was without the consent of [appellant].

WHEREFORE, this suit is brought and [appellant], [sic] claims the sum of Twenty-five Thousand Dollars ($25,000.00) compensatory damages and One Hundred Thousand Dollars ($100,000) punitive damages against [appellee].

The Maryland Court of Appeals, in *Bugg v. Brown*, 251 Md. 99, 104, 246 A.2d 235 (1968), noted that there is a fundamental distinction between intentional and non-intentional torts:

> While it is necessary to prove actual damages to obtain a recovery in negligence actions, the same rule does not apply to intentional torts. For example, a plaintiff who proves a *prima facie* case for an intentional tort, but fails to prove damages, will always be allowed to obtain at least a nominal recovery. . . .

RICHARD J. GILBERT & PAUL T. GILBERT, MARYLAND TORT LAW HANDBOOK § 1.5 (2d ed.1992). In the instant case, the record demonstrates that appellant pled the intentional torts of battery and false imprisonment. Because a plaintiff need not prove damages in intentional torts, unlike non-intentional torts, appellant is only required to plead general damages in her complaint. Moreover, the Court of Appeals observed that "damages which necessarily result from the wrong complained of may be shown under a general allegation, and, ordinarily, only special damages need be more particularly set forth." *See Rein v. Koons Ford, Inc.*, 318 Md. 130, 141, 567 A.2d 101 (1989) (citations omitted). Although the record demonstrates

that appellant's amended complaint failed to articulate the nature and the harm or loss that she suffered, merely stating that the harm she suffered flowed from the specific alleged torts is sufficient and she will be allowed to obtain nominal damages. We hold, therefore, that the trial court erred by dismissing appellant's claim and we remand the case for trial.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**