**Glenda A. ROBINSON, et al., Plaintiffs**

v.

**Joseph H. CUTCHIN, Jr., M.D., et al., Defendants.**

**No. CIV H–00–1312.**

United States District Court, D. Maryland.

April 18, 2001.

Jeffrey L. Peek, Thomas C. Cardaro & Associates, Baltimore, MD, for plaintiffs.

David J. Finucane, Carr Goodson, PC, Rockville, MD, for defendants.

*MEMORANDUM AND ORDER*

ALEXANDER HARVEY, II, Senior District Judge.

In this civil action, Glenda Ann Robinson ("Mrs. Robinson" or "plaintiff") and her husband are seeking a recovery from a physician and a hospital for damages allegedly sustained during an operative procedure when Mrs. Robinson's sixth child was delivered by way of an emergency cesarean section ("C–Section"). Named as defendants are Dr. Joseph H. Cutchin, Jr.

("Dr.Cutchin") and Peninsula Regional Medical Center (the "Hospital").

On September 17, 1997, Mrs. Robinson's sixth child was delivered by way of an emergency C–Section performed by Dr. Cutchin at the Hospital. Plaintiff alleges that during the course of the operation, Dr. Cutchin performed a bilateral tubal ligation and that she did not give her informed consent for such a procedure. She further alleges that, as a result, she is unable to have a seventh child and that she has accordingly suffered emotional distress. In addition to compensatory damages, plaintiffs are here seeking punitive damages.

The complaint contains four counts. In Count I, plaintiff alleges that Dr. Cutchin negligently failed to obtain her informed consent for the tubal ligation and that defendant's negligence was the proximate cause of damages suffered by her and her husband. Count II is based on a claim of battery allegedly committed by Dr. Cutchin with malice. In Count III, plaintiff seeks a recovery for the intentional infliction of emotional distress, and in Count IV, Mrs. Robinson and her husband jointly seek damages for loss of consortium. Diversity jurisdiction exists under 28 U.S.C. § 1332, and Maryland law is controlling.

Pursuant to Scheduling Orders entered by the Court, the parties have engaged in discovery. Discovery has now been completed; a pretrial conference has been held, and a trial date has been set. Presently pending in the case is defendants' motion *in limine*. By way of that motion, defendants seek to preclude Mrs. Robinson from asserting a claim for battery and a claim for intentional infliction of emotional distress. It is also asserted that plaintiff is not entitled to a recovery of punitive damages in this case.

■ Since defendants' pending motion has asked the Court to enter judgment as a matter of law as to some of plaintiffs'

claims, the motion will, as discussed at the pretrial conference, be treated as a motion for summary judgment. In support of defendants' motion, defendants have submitted memoranda of law and exhibits, including the deposition testimony of Mrs. Robinson and Dr. Cutchin. Plaintiffs in turn have filed an opposition to defendants' motion for summary judgment, together with exhibits. Recently, defendants have submitted a reply to plaintiffs' opposition, together with additional exhibits. In particular, the parties rely on depositions taken during discovery and on exhibits produced during the discovery period.

Following its review of the pleadings, memoranda and exhibits, this Court has concluded that no hearing is necessary for a decision on the pending motion. *See* Local Rule 105.6. For the reasons stated herein, defendants' motion *in limine*, treated as a motion for summary judgment, will be granted.

I

*Background Facts*

On the morning of September 17, 1997, Mrs. Robinson was admitted to the Hospital for delivery of her sixth child. A vaginal delivery was anticipated, and her labor was augmented with a drug which stimulates the uterus and aids in the normal progression of labor. However, her labor did not progress properly. In the early evening, she was taken to the operating room, and Dr. Cutchin, her obstetrician, made arrangements to deliver the baby by way of an emergency C–Section.

A healthy baby boy was later delivered by way of the C–Section procedure. However, during the operation, Dr. Cutchin, believing that Mrs. Robinson had consented, performed a bilateral tubal ligation. According to plaintiff, she did not learn

that this procedure had been performed until June of 1999 when she approached Dr. Cutchin and the Hospital and asked to see records pertaining to the operation.

Plaintiff maintains that Dr. Cutchin did not obtain her informed consent for the tubal ligation. In response, defendants assert that the sterilization procedure was performed with plaintiff's prior knowledge and consent. Hospital records and the testimony of several nurses indicate that plaintiff did in fact consent to a tubal ligation if it became necessary that her sixth child be delivered by way of a C–Section. However, no signed consent form has been located by defendants.

Mrs. Robinson contends that she and her husband were planning on having a seventh child[1] and that she has sustained emotional damages because of Dr. Cutchin's wrongful acts. There is no claim here for lost wages or medical expenses, but plaintiffs have asked for an award of punitive damages.

## II

### Summary Judgment Principles

It is well established that a defendant moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S.

317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that the defendant may be liable under the claims alleged. *See* F.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 323, 106 S.Ct. 2548.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick*, 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.1967), *cert. denied*, 390 U.S. 959, 88 S.Ct. 1039, 19 L.Ed.2d 1153 (1968)). Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be count-

---

1. Mrs. Robinson and her husband were married in 1985, and they have had three children since then, including the baby boy born in 1997. Before she was married to the co-plaintiff, she had three prior children who were born out-of-wedlock.

ed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the absence of the necessary minimal showing by the plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 256–57, 106 S.Ct. 2505. Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation ... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Catrett,* 477 U.S. at 323–24, 106 S.Ct. 2548).

Applying these principles to the facts of record here, this Court has concluded that defendants' motion *in limine,* treated herein as a motion for summary judgment, must be granted.

### III

### *Battery*

■ In seeking summary judgment as to Count II of the complaint, defendants argue that, based on facts of record, plaintiffs are not entitled to present to the jury a claim of battery arising under Maryland law. An assault and battery consists of the unpermitted application of trauma by one person upon any part of the body of another. *Saba v. Darling,* 72 Md.App. 487, 491, 531 A.2d 696 (1987), *aff'd* 320 Md. 45, 575 A.2d 1240 (1990). As the tort is more fully described in MPJI 15:2:

A battery is the intentional touching of a person without that person's consent.

Touching includes the intentional putting into motion of anything which touches another person, or which touches something that is connected with, or in contact with, another person. In order to be a battery, the touching must be harmful or offensive. A touching is harmful if it causes physical pain, injury or illness. A touching is offensive if it offends the other person's reasonable sense of personal dignity.

■ This malpractice suit is an informed consent case in which Mrs. Robinson claims, *inter alia,* that Dr. Cutchin committed a battery. The intentional touching sought to be proved is that of a physician occurring during an operative procedure. Plaintiffs do not here contend that Mrs. Robinson did not consent to the emergency C–Section procedure. Moreover, Mrs. Robinson has not claimed that she suffered increased pain and discomfort because Dr. Cutchin, during the course of the operation to which she had consented,[2] performed a tubal ligation in addition to the C–Section procedure. Although Mrs. Robinson consented to the initial touching by the doctor, the fact that the touching was more extensive than agreed upon does not amount to a battery in a case where the critical issue is whether or not there was informed consent.

■ Under Maryland law, a cause of action for lack of informed consent is treated as a tort action in negligence and not as a battery or assault. *Sard v. Hardy,* 281 Md. 432, 440 n. 4, 379 A.2d 1014 (1977); *see also Faya v. Almaraz,* 329 Md. 435, 450 n. 6, 620 A.2d 327 (1993). Based on Maryland law, the Fourth Circuit applied that principle in *Lipscomb v. Memorial Hospital,* 733 F.2d 332, 335 (4th Cir.1984).

---

**2.** Dr. Cutchin and several nurses have testified that Mrs. Robinson consented to the emergency C–Section. She has not disputed that testimony although she has contended that she did not consent to the tubal ligation. On the record here, the Court concludes as a matter of law that Mrs. Robinson did consent to the emergency C–Section.

In that case, the patient had agreed to gall bladder surgery, but the doctor had repaired her hiatal hernia during the operation while she was under anesthesia. After judgment had been entered against him, the doctor argued that plaintiff's claim was one of battery and was barred by the one-year statute of limitations applicable to a battery claim. Judge Ramsey of this Court held that under Maryland law the case before him presented a claim grounded upon lack of informed consent, that under the informed consent doctrine such a claim must be cast as a tort action for negligence, and that the three-year Maryland statute of limitations applicable to a negligence claim was controlling. In affirming Judge Ramsey's decision, the Fourth Circuit held that since the action was an informed consent case, it did not present a claim of battery but rather one of negligence, and that therefore the case was not barred by the one-year statute of limitations but had been timely filed under the three-year statute. *Id.* at 335.

Similarly here, evidence of record does not support a claim of battery.[3] There is no proof that Dr. Cutchin acted *"intending to cause a harmful or offensive contact...."* *Nelson v. Carroll,* 355 Md. 593, 601, 735 A.2d 1096 (1999) (quoting RESTATEMENT (SECOND) OF TORTS § 13 (1965)). The touching by Dr. Cutchin was not harmful because it did not cause any additional physical pain, injury or illness other than that occasioned by the C–Section procedure.[4] *See* MPJI 15:2. Indeed, Mrs. Robinson claims that she was not even aware that the tubal ligation procedure had occurred until June of 1999, more than 21 months after the delivery of

her baby.[5] Moreover, what occurred here did not offend Mrs. Robinson's reasonable sense of personal dignity. *Id.* She may, as claimed, have sustained emotional injury, and that claim will be presented to the jury in this case by way of her own testimony. However, the fact that she was not able to have a seventh child after previously giving birth to six children is hardly something which would offend her reasonable sense of personal dignity.

On the record here, plaintiff is entitled to present her claim of negligence to the jury. Disputed questions of material fact exist as to that claim, and defendants have conceded that the issue of informed consent is one for the jury. However, Maryland law does not permit a plaintiff like Mrs. Robinson to assert a claim of battery against a physician under circumstances like those present in this case.

For these reasons, this Court concludes that defendants are entitled to the entry of summary judgment as a matter of law as to plaintiffs' claim of battery asserted in Count II of the complaint.

## IV

### Intentional Infliction of Emotional Distress

In Count III of the complaint, plaintiffs seek a recovery for the intentional infliction of emotional distress. It is alleged that the actions of Dr. Cutchin were intentional, reckless, extreme and outrageous and that they caused severe emotional distress to Mrs. Robinson.

---

3. There is no evidence in the record here that, as alleged by plaintiffs in Count II, Dr. Cutchin acted with malice.

4. Plaintiffs' attorney has characterized this action as being "an ordinary emotional distress claim."

5. Exhibits and testimony relied upon by defendants indicate that Mrs. Robinson had knowledge of the tubal ligation shortly after the procedure was performed. It will be for the jury to decide the issue of plaintiff's knowledge.

■ The tort of intentional infliction of emotional distress is rarely viable in a case brought under Maryland law. *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md.App. 470, 514, 665 A.2d 297 (1995), *cert. denied*, 341 Md. 172, 669 A.2d 1360 (1996). The tort is to be used "sparingly" and only for "opprobrious behavior that includes truly outrageous conduct." *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670, 607 A.2d 8 (1992). The elements of such a claim were set forth by the Court of Appeals of Maryland in *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611 (1977), as follows:

(1) The conduct must be intentional or reckless;

(2) The conduct must be extreme and outrageous;

(3) There must be a causal connection between the wrongful conduct and the emotional distress; and

(4) The emotional distress must be severe.

Each of these elements must be pled and proved with specificity. *Foor v. Juvenile Services Admin.*, 78 Md.App. 151, 175, 552 A.2d 947, *cert. denied*, 316 Md. 364, 558 A.2d 1206 (1989). A plaintiff must set forth and prove facts which would suffice to demonstrate that all the elements exist. *Id.*

■ Following its review of the record here, this Court has concluded that the claim asserted by plaintiff in Count III of the complaint may not be presented to the jury. Maryland courts have established a high standard of culpability before conduct can be considered "extreme and outrageous." *Harris*, 281 Md. at 566–572, 380 A.2d 611. Plaintiff has failed to produce proof of conduct on the part of Dr. Cutchin which was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at 567, 380 A.2d 611. To be actionable, the conduct relied upon in this case "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 59–60, 502 A.2d 1057, *cert. denied*, 306 Md. 118, 507 A.2d 631 (1986). Neither the allegations nor the proof satisfy the requirement of the Maryland cases that a plaintiff must specifically plead and prove extreme and outrageous conduct. *See Farasat v. Paulikas*, 32 F.Supp.2d 244, 247–48 (D.Md. 1997).

■ Moreover, plaintiff has not pointed to evidence in the case indicating that she suffered "severe emotional distress" and "mental anguish." To satisfy the requirements of Maryland law, a plaintiff must furnish proof of " 'a severely disabling emotional response,' so acute that 'no reasonable [woman] could be expected to endure it.' " *Leese v. Baltimore County*, 64 Md.App. 442, 471, 497 A.2d 159, *cert. denied*, 305 Md. 106, 501 A.2d 845 (1985). To prove her claim of emotional distress, plaintiff does not in this case intend to call as an expert witness a psychiatrist or psychologist. There is no indication in the record here that Mrs. Robinson was ever treated by a physician for her mental anguish or that she was ever hospitalized because of her allegedly severely disabling emotional condition.[6] Proof of severe emotional distress does not exist in this case.

For these reasons, defendants' motion for summary judgment as to Count III of the complaint will be granted.

---

**6.** The only counseling sought by Mrs. Robinson was by way of a telephone call and visits to her sister-in-law.

## V

### Punitive Damages

To prevail on her claim that she is entitled to a recovery of punitive damages in this case, Mrs. Robinson must prove that Dr. Cutchin acted with actual malice. *Montgomery Ward v. Wilson,* 339 Md. 701, 733, 664 A.2d 916 (1995). Actual malice in this context refers to "conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or fraud." *Id.* Existence of actual malice must be established by clear and convincing evidence. *Bowden v. Caldor, Inc.,* 350 Md. 4, 23–24, 710 A.2d 267 (1998); *Pippin v. Potomac Elec. Power Co.,* 78 F.Supp.2d 487, 494 (D.Md.1999).

Only plaintiffs' negligence claim remains in this case. The Court of Appeals of Maryland has emphatically stated "that negligence alone, no matter how gross, wanton or outrageous, will not" satisfy the actual malice standard. *Owens–Illinois, Inc. v. Zenobia,* 325 Md. 420, 463, 601 A.2d 633 (1992).

The proof relied upon by plaintiffs here falls far short of that necessary to support a recovery of punitive damages. Whether under the circumstances Dr. Cutchin exercised due care before performing the tubal ligation is an issue to be decided by the jury at the trial. However, Dr. Cutchin did not act maliciously and with an evil motive when, believing that Mrs. Robinson had consented, he performed a sterilization procedure during the course of the emergency C–Section.

Accordingly, plaintiffs will not be permitted to recover punitive damages in this case.

## VI

### Conclusion

For all the reasons stated, this Court conclude that plaintiff will not be permitted to present to the jury her claim for battery and her claim for the intentional infliction of emotional distress. Moreover, plaintiff may not seek punitive damages.

Accordingly, for all the reasons stated, it is this ____ day of April, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motion *in limine,* treated herein as a motion for summary judgment, is hereby granted;

2. That defendants are entitled to the entry of summary judgment in their favor as to Count II of the complaint;

3. That defendants are entitled to the entry of summary judgment in their favor as to Count III of the complaint; and

4. That plaintiffs are not entitled to seek punitive damages in this case.