907 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Appellant,
Council of Unit Owners of Treetop Condominiums, Plaintiff-Appellee,
v.
Wade ZIMBRO, t/a Vari-Tex, Defendant & Third Party Plaintiff-Appellee,
v.
EUCLID CHEMICAL COMPANY, Third Party Defendant-Appellee.
NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Appellant,
Council of Unit Owners of Treetop Condominiums, Plaintiff-Appellee,
v.
Wade ZIMBRO, t/a Vari-Tex, Defendant & Third Party Plaintiff-Appellee,
v.
EUCLID CHEMICAL COMPANY, Third Party Defendant-Appellee.
 Nos. 89-2838, 89-2858.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 23, 1990.
Decided June 14, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-88-903-N)
 Patrick James Attridge, Bromley, Brown & Walsh, Rockville, Md., for appellant.
 Gregory L. VanGeison, Anderson, Coe & King, Donald J. McCartney, Melissa H. Clark, Smith, Somerville & Case, Baltimore, Md; Morton A. Faller, Meyer, Faller, Weisman and Greenburg, P.C., Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Northwestern National Insurance Company appeals the district court's denial of its motion to intervene in an action brought against its insured, Wade Zimbro. Northwestern denied liability to Zimbro under its policy and moved to intervene for the limited purpose of ensuring that the damages issue in the underlying action was addressed with a degree of particularity that would effectively determine its obligation to Zimbro under the insurance contract. The district court ruled that litigating the underlying cause of action and the insurance coverage issue as part of the same case presented insurmountable problems and denied the motion to intervene. We affirm.
 
 
 2
 * The Council of Unit Owners of Treetop Condominiums ("Treetop") filed a defective construction action against Zimbro, t/a Vari-Tex, in Circuit Court for Prince George's County, Maryland. Treetop alleged breach of contract, negligence, and breach of warranty claims arising from Zimbro's work on lathing and stucco on the exterior of Treetop's building. Zimbro removed the action to federal district court in Maryland on the basis of diversity of citizenship. Zimbro then brought one of its suppliers, Euclid Chemical Company, into the case as a third party defendant.
 
 
 3
 Northwestern moved to intervene as a party defendant. Zimbro had a liability insurance policy with Northwestern that was in effect at the time of the allegedly defective construction. Northwestern disclaimed liability under the policy to Zimbro, but agreed to pay the costs of Zimbro's defense because there was at least the potential that Treetop sustained damages covered under the policy.[1] Northwestern expressed its belief that under Maryland law intervention, rather than a declaratory action on the coverage question, was the proper procedural route to avoid collateral estoppel effects insofar as the judgment in the underlying action might resolve factual issues relevant to the coverage question. The company made clear that its role in the litigation would be a limited one--"to insure that the alleged damages are identified by the Plaintiff (and determined by the jury) with the degree of particularity required to determine whether such damages fall within or without the policy coverage." Northwestern asserted that this interest in the damages issue justified intervention as a matter of right under Fed.R.Civ.P. 24(a)(2) and, alternatively, that permissive intervention under Rule 24(b)(2) was appropriate where common questions of fact respecting the nature and extent of Treetop's damages were present in both the underlying action and the coverage issue.
 
 
 4
 None of the other parties objected to Northwestern's motion to intervene, though Treetop sought to reserve its right to file an action against the insurance company following the outcome of the underlying action. The district court, however, issued a memorandum to counsel expressing concern about the problems created by Northwestern's intervention and requesting a response from all counsel. Specifically, the court noted the potential conflict if Northwestern was made a party to the action, possible res judicata questions, and a concern over requiring the jury to make specific findings on the damages question. Counsel met with the court in chambers to try to resolve the issues raised; at that time the court directed the parties to attempt to reach a formal stipulation addressing the conflict and prejudice concerns and to report back to the court by August 1, 1989. Having heard nothing by the designated response date, the court inquired of Northwestern's counsel when a response would be forthcoming, and counsel agreed to report by August 21. When no response was forthcoming, the court, assuming that "Northwestern no longer wishes to pursue its motion," entered a minute order on October 2, 1989, denying the motion to intervene.
 
 
 5
 Northwestern filed a motion to reconsider and vacate the order denying intervention. Northwestern sought to explain its failure to respond as the court expected as a misunderstanding and reasserted its request to intervene. The district court denied the motion on November 15, 1989. The court found that trying a defective construction case and an insurance coverage case at the same time before the same jury raised "insurmountable problems," including a conflict of interest in Northwestern's duty to defend Zimbro while protecting its own interests, the possibility of prejudice to Zimbro from the disclosure of his insurance coverage and the necessity of special verdicts on the damages question, and concerns over res judicata and collateral estoppel effects. The court suggested that the parties consider a declaratory judgment action to resolve the coverage issue, responding to Northwestern's concern about the effect of state law by noting that federal law controlled declaratory judgment procedure in federal court.
 
 
 6
 Northwestern noted an appeal from both the court's order denying intervention and its order denying the motion to reconsider.
 
 II
 
 7
 Intervention in a federal action is a procedural matter governed by Fed.R.Civ.P. 24. Under Rule 24(a)(2), anyone may intervene "of right"
 
 
 8
 when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 9
 See also Newport News Shipbuilding & Drydock Co. v. Penninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir.1981). The "interest" asserted by the applicant seeking to intervene of right must by "significantly protectable," Donaldson v. United States, 400 U.S. 517, 531 (1971); no more precise definition has been adopted. See 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d Sec. 1908 (1986) (hereinafter Wright, Miller & Kane). The court also has discretion to grant "permissive intervention" under Rule 24(b)(2) "when an applicant's claim or defense and the main action have a question of law or fact in common." Federal law, then, controls the intervention question. E.g., Harris v. Pernsley, 820 F.2d 592, 597 n. 7 (3d Cir.1987); see also 7C Wright, Miller, & Kane, Sec. 1905, at 240 ("It is wholly clear that the right to intervene in a civil action pending in a United States District Court is governed by Rule 24 and not by state law.").
 
 
 10
 Northwestern raises only a limited challenge to the merits of the district court's denial of its motion to intervene. See Appellant's Br. at 8-10; see also Restor-a-Dent Dental Laboratories, Inc. v. Certified Alloy Prods., 725 F.2d 871 (2d Cir.1984) (holding that insurance company for defendant in products liability, breach of contract, and breach of warranty action did not have interest in subject matter of underlying action; denial of intervention of right and permissive intervention affirmed). Northwestern argues only that the district court abused its discretion in denying its motion to intervene on the basis, as noted in the October 2 order, that the company no longer wished to pursue the motion. The court's ruling, however, was justified by counsel's failure to respond to the court's inquiries. Cf. Fed.R.Civ.P. 41(b) (court may involuntarily dismiss action or claim for failure to comply with order of court). In any event, Northwestern's substantial rights were not adversely affected by the court's ruling as the intervention question was fully addressed on the company's motion for reconsideration. See Fed.R.Civ.P. 61.
 
 
 11
 Northwestern's primary contention is that state law, in this case Maryland law, restrictions on the ability of an insurance company to litigate coverage issues may be a matter of "substantive law," and so would be binding, under Erie principles, on a federal court sitting in diversity.[2] We disagree. An applicable federal rule of civil procedure governs as long as it is broad enough to cover the situation. See Hanna v. Plumer, 380 U.S. 460, 469-71 (1965) (differentiating the "substance" and "procedure" tests under Erie and the Rules Enabling Act); see also 10A Wright, Miller, & Kane, Sec. 2756 (federal declaratory judgment action available even where state precludes liability insurer from seeking declaratory judgment on coverage issue). Intervention is a question of federal law governed by Rule 24.
 
 III
 
 12
 For the foregoing reasons, we affirm the district court's denial of Northwestern's motion to intervene.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 See Hartford Mut. Ins. Co. v. Jacobson, 536 A.2d 120, 122 (Md.App.1988) (insurer must defend defendant/insured if there is "potentiality" that plaintiff's claim could be covered by the policy)
 
 
 [2]
 The Maryland Court of Appeals recently clarified its position on the question of how an insurer that denies coverage may litigate the policy coverage issue where the insured is a defendant in a pending action. See Allstate Ins. Co. v. Atwood, 572 A.2d 154 (Md.1990), reversing 523 A.2d 1066 (Md.App.1987). The Allstate court first reaffirmed its ruling in Brohawn v. Transamerica Ins. Co., 347 A.2d 842 (Md.1975), that an insurer can seek a declaratory judgment on the coverage issue prior to the trial involving its insured only where the coverage issue is "independent and separable" from the claims asserted in the underlying action. In a case where the coverage issue raises essentially the same questions to be decided as the underlying action, the Court of Appeals held in the subject action, reversing the Court of Special Appeals, that an insurer could not intervene as a party at trial of the underlying action. Instead, the Allstate court ruled that the insurer may bring a post-trial declaratory judgment action in which the trial court would determine whether the issue that determines the coverage question had been "fairly litigated." If the trial court rules that the issue was fairly litigated in the underlying action, there is no relitigation of the issue in the declaratory judgment action and the insurer is bound by the determination. If the trial court determines that the issue was not fairly litigated, the insurer may litigate the issue in the declaratory judgment action